CALVERT MCNEALY

*v.*

AZEL MEADOWS, *et al.*, *members*

*Fireman's Civil Service Commission*

*Of City Of St. Albans, West Virginia*

(No. 14546)

Decided November 25, 1980.

*Duttine, Thomas, Covert, King & Riffee and Gary A. King*, for plaintiff in error.

*William H. Hazlett* for defendant in error.

CAPLAN, JUSTICE:

This is an appeal from an order entered on June 13, 1978 in a mandamus proceeding in the Circuit Court of Kanawha County. The question presented is whether or

not the appointment of the fire chief of the paid fire department of the City of St. Albans must be made pursuant to applicable civil service provisions or may the fire chief be appointed by the Mayor, subject to the approval of the City Council, to serve at the will and pleasure of said Mayor.

The circuit court held that such appointment must be made pursuant to the applicable civil service provisions. Upon consideration of the city charter, the applicable statute and ordinances, we reverse.

The parties entered into a stipulation of Law and Facts. Those pertinent to the disposition of this case follow. *W. Va. Code*, 1931, 8-15-11, as amended, pertaining to civil service for paid fire departments provides, in part, as follows:

> All appointments and promotions to all positions in all paid fire departments shall be made only according to qualifications and fitness to be ascertained by examinations, which, so far as practicable, shall be competitive, as hereinafter provided. No individual shall be appointed, promoted, reinstated, removed, discharged, suspended or reduced in rank or pay as a paid member of any paid fire department, regardless of rank or position, in any manner or by any means other than those prescribed in the following sections of this article: Provided, that in all municipalities in which the office of fire chief of a paid fire department was not covered by the provisions of former article six-A of this chapter on the first day of January, one thousand nine hundred forty-nine, such office in such municipality shall be excepted from the civil service provisions of this article fifteen [§8-15-1 et seq.] until such time as the governing body of said municipality shall, by appropriate ordinance or resolution adopted by a majority of its members, elect to place the office of fire chief under the civil service provisions of this article; ...

The St. Albans city charter was adopted at a special election held Januray 6, 1948. At the time of the char-

ter's adoption the city had no paid fire department, these services being rendered by a volunteer department.

Section 32 of the charter specifically contemplated and provided for the continuation of the volunteer fire department approach to the city's fire fighting problems. In its original unamended form it provided as follows:

(1) The chief of the fire department, other officers and future members of the fire department shall be chosen by the members of the fire department as they have been chosen prior to the date of the adoption of this Charter, subject to the approval of the council . . . .

(2) In the event that the duties of the chief of the fire department increase, the council may provide by ordinance for his appointment by the mayor, subject to the approval of the council, in a manner similar to other appointed officers of the city.

(3) The chief of the fire department and all members thereof may be removed from office for cause, in the same manner as appointed officers or employees of the city, as hereinbefore provided in this Charter.

In 1951 a paid fire department was created. On April 7, 1952, the city council unanimously adopted the following *resolution*:

That the Fire Chief be placed under Civil Service as provided in the State Code.

On the 6th day of July, 1953, upon second reading, the City Council unanimously adopted the following *ordinance*:

Be it enacted by the Common Council of the City of St. Albans [that] the chief of the fire department shall be appointed by the mayor and council.

The following *ordinance* was adopted by the city council of the City of St. Albans on the 3rd day of October, 1977:

WHEREAS, the Charter of the City of St. Albans, Section 32, (2) provides as follows: in the event that the duties of the chief of the fire department increase, the council may provide by ordinance for his appointment by the mayor, subject to the approval of the council, in a manner similar to other appointed officers of the city. . . .

WHEREAS, the Official Code of the City of St. Albans, Chapter 8, Article 1, Section 1, provides as follows:

Sec. 8-1. Appointment of chief of fire department.

The chief of the fire department shall be appointed as provided by the Charter of the city.

WHEREAS, since the adoption of the Charter and the provisions of the Code above recited, the council has found and determined upon mature reflection and study that the duties of the Chief of the Fire Department have substantially increased and that a substantial change of circumstance with respect to the performance of the duties of the Chief of the Fire Department have occurred which require, necessitate or indicate that the manner of his appointment be changed. . . .

NOW THEREFORE, The City Council does ordain, establish and adopt the following ordinance repealing and amending Chapter 8, Section 8-1 of the Official Code of the City of St. Albans as follows:

Section 8-1. Appointment of Chief of Fire Department.

The Chief of the Fire Department shall be appointed by the Mayor subject to the approval of the Council to serve until the next municipal election and thereafter until his successor is duly appointed and qualified, in the same or like manner to that by which the Chief of Police and other municipal officers are appointed in conformity with Section 4 of the Charter of the City of St. Albans.

All ordinances or parts of ordinances inconsistent herewith are hereby expressly repealed and this ordinance shall be effective from the date of passage hereof.

On June, 13, 1978, the circuit court issued an order finding that the position of fire chief of the said fire department is not exempted from the civil service provisions. By letter memorandum incorporated into the order by reference, the court found that at the time the fire department of St. Albans was changed from a volunteer to a paid department, all members except the fire chief became subject to state civil service provisions. *W.Va. Code*, 8-15-11, as amended in 1969, excepted from civil service fire chiefs who were not so covered in 1949 *until* such time as the governing body of the municipality elected to place the office under civil service. The court reasoned that once the St. Albans City Council placed the fire chief under civil service by resolution in 1952, the provisions of *Code* 8-15-11 et seq. relating to appointments and promotions in paid fire departments superceded and replaced any contrary provisions of either the charter or city code.

We find this case to be a simple matter of applying a clear and unambiguous statute. *Walls v. Miller*, ___ W.Va. ___, 251 S.E.2d 491 (1978). *W.Va. Code*, 1931, 8-15-11, as amended, provides that certain offices of fire chief are exempt from civil service provisions "until such time as the governing body of said municipality shall, by appropriate ordinance or resolution adopted by a majority of its members, elect to place the office of fire chief under ... civil service provisions. ..." Under the St. Albans city Charter the city council may provide by *ordinance* for the appointment of the fire chief by the mayor, subject to the approval of council. In 1952, the city council adopted a resolution expressing its intent to place the fire chief under civil service regulations. However, this resolution was abandoned by the city council when in 1953 council adopted an ordinance providing that the chief of the fire department be appointed by the mayor and council, and in 1977 when city council adopt-

ed an ordinance providing that the fire chief be appointed by the mayor subject to the approval of the council.

The legislature left the ultimate decision of appointment of certain fire chiefs with the governing body of the municipality. The St. Albans City Charter provides that the appropriate method of determining the appointment of fire chief is by city ordinance. The St. Albans City Council expressed its final resolution of the issue by adopting the July, 1953 and October, 1977 ordinances. Since that time, and since the inception of a paid fire department in St. Albans, this intent has been carried out – the fire chief has been appointed by the Mayor subject to council's approval.

In its decision the circuit court erred in failing to give force and effect to the St. Albans City Charter which permitted the city council, by ordinance, to provide for the appointment of the fire chief by the Mayor and further ignored the 1953 and 1977 ordinances alluded to above. The adoption of the 1952 resolution by the city council did not preclude the subsequent actions by the council and such actions must prevail. The judgment of the Circuit Court of Kanawha County is therefore reversed.

*Reversed.*