304 S.E.2d 361

**The CITY OF PARKERSBURG**

v.

**John D. OWENS.**

No. 15659.

Supreme Court of Appeals of
West Virginia.

June 23, 1983.

George J. Cosenza, Cosenza & McDonough, Parkersburg, for appellant.

Paul S. Dalton and Victoria C. Dalton, Dalton & Dalton, Parkersburg, for appellee.

McGRAW, Chief Justice:

The appellant, John D. Owens, appeals from a final judgment of the Circuit Court of Wood County which found that he held the rank of lieutenant in the Parkersburg Fire Department. The appellee is the City of Parkersburg.

In January, 1978, the appellant was a lieutenant in the city fire department. On or about January 12, 1978, town officials appointed Owens fire chief, a position not covered by civil service protection. In January, 1980, the Parkersburg Fire Department Civil Service Commission (Commission) tested six individuals, including the appellant, for promotion to the rank of captain. The appellant scored highest on the tests. Consequently, the Commission promoted the appellant January 29, 1980, to the rank of captain. Owens continued as fire chief after his promotion.

The citizens of Parkersburg elected a new mayor and city council in November, 1981. The change in political leadership resulted in a unanimous city council vote January 5, 1982, dismissing the appellant as fire chief. Three days later, the mayor informed the appellant that he would hold the rank of lieutenant upon his return to the fire department as a regular member.

The appellant challenged the city's decision to classify him as a lieutenant in proceedings before the Commission. By a 2–1 vote, the Commission concluded that the appellant had lawfully been promoted to captain and was entitled to hold that position upon his dismissal as fire chief. The city appealed that ruling to the Circuit Court of Wood County which ruled in the city's favor. The appellant then appealed the lower court's ruling to this Court.

■■■■ The sole issue in this case is whether W.Va.Code § 8–15–11 (1976 Repl. Vol.) required that the appellant assume the rank of lieutenant once he was fired as fire chief.

W.Va.Code § 8–15–11 to –27 provide civil service protection to members of paid fire departments. W.Va.Code § 8–15–11 permits municipalities with paid fire departments to exempt the position of fire chief from civil service protection. The city of Parkersburg has elected to keep the position of fire chief as a political appointment by city officials outside of civil service protection.

The critical part of W.Va.Code § 8–15–11 provides that a fire chief removed for reasons other than good cause, such as political disfavor, "shall ... revert to the status he held in such paid fire department at the time of his appointment to the office of such fire chief." The appellant contends that the Legislature enacted the statute to protect professional firemen appointed to political offices not covered by civil service, and that the statute sets only the minimum rank the former chief may be assigned. In effect, the statute limits a city's authority in reassigning a fireman dismissed as fire chief. Under the appellant's theory, then, advancement in rank which occurred during a fireman's tenure as fire chief further limits a city's ability to reassign the dismissed chief.

The city first argues that since the office of fire chief is not subject to civil service protection, an occupant of that office is not eligible to take a promotional exam and the promotion is invalid. However, the city's principal argument is that the statute must be applied literally, and that it requires the appellant to assume the rank of lieutenant. Put simply, the city contends that a fire chief's rank upon dismissal as chief cannot be any less nor greater than his rank at the time of his appointment. For the reasons discussed below, we affirm the lower court's ruling.

A fundamental rule of statutory construction is that unambiguous statutes must be applied in accordance with the plain meaning of their wording. "Where a statutory mandate is plain and unambiguous, it will be applied and not construed." Syllabus Point 1, *Walls v. Miller*, 162 W.Va. 563, 251 S.E.2d 491 (1980). We reiterated this point in *McNealy v. Meadows*, 165 W.Va. 807, 272 S.E.2d 232 (1980), a case which involved an aspect of W.Va. Code § 8–15–11 other than that present in this case. That case concerned whether the city of St. Albans had exempted or included the office of fire chief from civil service protection. We concluded that the statute clearly gave the right to decide this question to the municipality's governing body; therefore, the only question presented was whether the city council had taken affirmative action to include the office of fire chief in the civil service system.

Similarly, this case presents a clear statute which requires only that we apply it to the facts. As we have repeatedly held, "use of the word 'shall', in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d 781, 789–90 (1981) (cases cited). The literal requirement of W.Va.Code § 8–15–11 is that a fire chief must return to the rank he held at the time of his appointment upon his dismissal as fire chief.

Our holding in this case is reinforced by the Legislature's action in enacting similar legislation protecting police chiefs from arbitrary reduction in rank after dismissal. W.Va.Code § 8–14–17 (1976 Repl.Vol.) provides that police chiefs may be removed without cause or for good cause. In this regard, W.Va.Code § 8–15–11 and 8–14–17 parallel each other. However, W.Va.Code

§ 8–14–17 provides police chiefs with greater protection upon dismissal than W.Va. Code § 8–15–11 provides fired fire chiefs. Under W.Va.Code § 8–14–17, a police chief "shall in all cases of removal, except for removal for good cause, retain the regular rank within said police department he held at the time of his appointment to the office of chief of police *or which he has attained during his term of service as chief of police.*" (Emphasis added.) If Owens had been a police chief, he would have a statutory right to the rank of captain. W.Va. Code § 8–15–11, however, does not provide such a right to fire chiefs.

We agree with the appellant that the Legislature enacted W.Va.Code § 8–15–11 to protect professional firemen from being penalized upon their dismissal from the political office of fire chief. The statute limits a municipality's discretion in reassigning a fireman upon his dismissal as a fire chief. Unfortunately, the Legislature chose not to extend this protection to instances when fire chiefs take the initiative and secure promotion during their tenure as chief. Although the wisdom of extending such protection to police chiefs but not to fire chiefs is suspect, the decision is properly one left to the Legislature.

The decision of the Circuit Court of Wood County is affirmed.

Affirmed.