503 S.E.2d 860

**Richard ALBRIGHT, Plaintiff Below, Appellant,**

v.

**H. Willard WHITE and The Protestant Episcopal Church in the Diocese of West Virginia, Defendants Below, Appellees.**

**No. 24111.**

Supreme Court of Appeals of West Virginia.

Submitted March 17, 1998.

Decided June 22, 1998.

Maryland law applies in this case.

Paul J. Harris, Frank P. Bush, Jr., Harris & Bush, Elkins; J. David Flowers, Paul J. Doolittle, Ness, Motley, Loadholt, Richardson & Poole, Greenville, SC, for Appellant.

James M. Wilson, Steptoe & Johnson, Clarksburg; Ancil G. Ramey, Steptoe & Johnson, Charleston, for Appellee, H. Willard White.

Paul E. Frampton, Bowles, Rice, McDavid, Graff & Love, Fairmont; David S. Rutherford, Christopher Renzulli, Renzulli, Gainey & Rutherford, New York, NY, for Appellee, The Protestant Episcopal Church in the Diocese of West Virginia.

. DAVIS, Chief Justice:

The plaintiff below, and appellant herein, Richard Albright appeals an order of the Circuit Court of Harrison County, entered September 6, 1996, dismissing his civil action as barred by the applicable statutory filing periods. On appeal to this Court, Albright contends that the circuit court erroneously determined his action to be time barred pursuant to W. Va.Code § 55–2–15 (1923) (Repl. Vol.1994) and W. Va.Code § 55–2–12(b) (1959) (Repl.Vol.1994) when, pursuant to the "discovery rule," he claims that his complaint was timely filed. He also asserts that W. Va.Code § 55–2–15, which precludes any cause of action for injuries to a minor child if such cause is not brought within two years after the child reaches the age of majority and within twenty years after the injury occurred, is unconstitutional because it denies equal protection. After reviewing the parties' arguments, the record of the proceedings below, and the pertinent authorities, we affirm the ruling of the circuit court.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The factual history of this particular appeal is rather complex.[1] In May, 1994, Richard Albright, the plaintiff below [hereinafter

---

1. Counsel for defendant White indicates, and counsel for defendant Church substantially agrees, that the facts submitted by plaintiff Albright's counsel in his brief before this Court far exceed the facts contained in the record during the proceedings below. Consideration of additional facts not contained in the pleadings would, in fact, have altered the circuit court's inquiry from one regarding a motion to dismiss a complaint into a summary judgment ruling. See W. Va. R. Civ. P. 12(b), in part ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]"); Shaffer v. Charleston Area Medical Center, Inc., 199 W.Va. 428, 433, 485 S.E.2d 12, 17 (1997). Therefore, we will restrict our discussion of the facts of this case to those actually before the circuit court.

Albright], underwent therapy. During these sessions, Albright claims to have remembered an incident of sexual abuse [2] allegedly perpetrated by the defendant below, H. Willard White [hereinafter White], an Episcopal priest, some twenty-five years earlier.[3] Albright professes to recall that in 1969, White engaged in sexual conduct with him. At the time of the alleged sexual abuse, Albright was approximately eleven years old. Thereafter, at some undetermined point during his adulthood, Albright sought counseling, and, as noted above, allegedly recalled the above-mentioned sexual abuse during one such therapy session.

It appears from the record that Albright subsequently learned information tending to indicate that the defendant below, the Protestant Episcopal Church in the Diocese of West Virginia [hereinafter the Church],[4] may have known of White's alleged proclivity for deviant sexual behavior. Despite the Church apparently having knowledge of White's propensities, Albright avers that the Church failed to alert its parishioners of the potential danger to their children.

On March 26, 1996, Albright filed a civil action in the Circuit Court of Harrison County charging both White and the Church with intentional and negligent infliction of emotional distress; breach of fiduciary duty and duty *in loco parentis;* civil conspiracy; and fraudulent concealment. He also alleged that White had committed battery [5] and had been negligent in failing to control his sexual propensities. Further, Albright averred that the Church had been negligent in failing to disclose White's history of deviant sexual behavior and that it was vicariously liable for White's actions.

The Church responded to Albright's complaint by filing a motion to dismiss. Subsequently, White also filed a motion to dismiss Albright's complaint. In sum, the motions requested dismissal pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure,[6] asserting that "the claims are time barred by the applicable statute of limitations." By order entered September 6, 1996, the circuit court rejected Albright's arguments and granted the defendants' motions to dismiss, finding as follows:

> The Court, after carefully considering the memoranda submitted by the parties in connection with the motions, the arguments of counsel and the entire record in this action, is of the opinion that plaintiff's claims against the defendants are time-barred. In his complaint, plaintiff alleges that the tortious conduct occurred sometime in 1969, but that he repressed the memory of it until 1994. Based upon such

---

2. *See infra* note 5 for a description of the specific acts alleged to have comprised the aforementioned sexual abuse.

3. Albright states that, as a child, he was raised in a very devout Episcopalian family who regularly participated in church activities.

4. In paragraph three of his complaint, Albright describes the Protestant Episcopal Church in the Diocese of West Virginia as follows:

 Defendant The Protestant Episcopal Church in the Diocese of West Virginia, and/or its predecessors (hereinafter "Diocese"), is and was at all times material hereto a corporation and/or religious entity organized under the laws of the State of West Virginia, having its principal place of business in West Virginia. Defendant Diocese is and was the entity through which the religious and other affairs of The Protestant Episcopal Church in the Diocese of West Virginia are conducted. This Defendant is intended to encompass, but is not limited to, the Bishop, the Trustees of the Diocese, the Standing Committee, and/or the Diocesan Council of the Diocese of West Virginia. Therefore, the col-

lective term "Diocese" refers to each of these entities.

5. Specifically, Albright alleged in his complaint that

 Defendant White exploited the power of his position as a representative and official of The Episcopal Church to perform lewd and lascivious, homosexual acts on Plaintiff, a minor child at the time, offensively touching the body of Plaintiff without his consent....
 Said abuse included, but was not limited to, the following:
 (a) Sexual contact between Defendant White and the minor child; and
 (b) Defendant White telling Plaintiff that "other boys enjoyed it," while verbally abusing Plaintiff and making Plaintiff feel that there was something wrong with him for not enjoying White's homosexual attacks.

6. Rule 12(b)(6) of the West Virginia Rules of Civil Procedure permits a defendant to move for dismissal if the plaintiff "fail[s] to state a claim upon which relief can be granted."

allegations, plaintiff's cause of action is barred by the two year limitation period provided by Section 55–2–12(b)[7] of the West Virginia Code. Moreover, since plaintiff's alleged cause of action accrued almost 27 years prior to the institution of this action, the tolling provisions of Section 55–2–15[8] are of no benefit to plaintiff given the plain and unambiguous language of that provision that places a 20 year limitation from the time a cause of action accrues.

Plaintiff argued that the two year limitation period should not begin to run until 1994 when he recalled the alleged tortious conduct. The Court is of the opinion that the "discovery rule" is not applicable to the facts of this case where plaintiff claims to have "repressed" his memory of the events upon which his claim is based.

The Court, therefore, is of the opinion that defendants' motions to dismiss should be granted and that they are entitled to judgment as a matter of law on each count of the complaint. It is, therefore, ORDERED and ADJUDGED that defendants' motions to dismiss are hereby granted and that this action is hereby dismissed with prejudice, to all of which plaintiff excepts and objects.

From this ruling of the Circuit Court of Harrison County, Albright appeals to this Court.

## II.

## STANDARD OF REVIEW

■ The procedural posture of this appeal requires us to ascertain whether the circuit court properly granted the defendants' motion to dismiss Albright's complaint. When ruling upon a motion to dismiss brought pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, a

circuit court must determine whether the complaint has "state[d] a claim upon which relief can be granted," W.Va.R.Civ.P. 12(b)(6), and must "constru[e] the factual allegations in the light most favorable to the plaintiff[ ]," *Murphy v. Smallridge,* 196 W.Va. 35, 36, 468 S.E.2d 167, 168 (1996) (citation omitted). Consistent with this directive, we have often stated that "a motion to dismiss should be granted only where ' "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." ' " *Ewing v. Board of Educ. of County of Summers,* 202 W.Va. 228, 235, 503 S.E.2d 541, 548 (1998) (quoting *Murphy v. Smallridge,* 196 W.Va. at 36, 468 S.E.2d at 168 (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59, 65 (1984)) (additional citation omitted)). Once a circuit court has decided to grant a motion to dismiss, "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995).

■ Appellant Albright also requests this Court to review the propriety of the circuit court's interpretation of the statutory filing periods it deemed applicable to Albright's claims. " ' "Where the issue on an appeal from the circuit court is clearly a question of law or involving the interpretation of a statute, we apply a *de novo* standard of review." Syllabus point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995).' Syllabus point 1, *University of West Virginia Board of Trustees ex rel. West Virginia University v. Fox,* 197 W.Va. 91, 475 S.E.2d 91 (1996)." Syl. pt. 3, *Ewing v. Board of Educ. of County of Summers,* 202 W.Va. 228, 503 S.E.2d 541. Having set forth the applicable

---

7. W. Va.Code § 55–2–12(b) (1959) (Repl.Vol. 1994) requires "[e]very personal action for which no limitation is otherwise prescribed shall be brought ... (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]"

8. W. Va.Code § 55–2–15 (1923) (Repl.Vol.1994) provides, in pertinent part:

If any person to whom the right accrues to bring any such personal action [or] suit ... shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues ... except that it shall in no case be brought after twenty years from the time when the right accrues.

standards of review, we now turn our attention to Albright's assignments of error.

## III.

## DISCUSSION

On appeal to this Court, Albright assigns as error the applicability of statutory filing periods and the constitutionality of W. Va. Code § 55–2–15. First, he complains that the circuit court erred by determining his claims to be time-barred by the statutory time limits contained in W. Va.Code § 55–2–15 (1923) (Repl.Vol.1994), pertaining to causes of action accruing during a plaintiff's infancy or incompetency, and the statute of limitations set forth in W. Va.Code § 55–2–12(b) (1959) (Repl.Vol.1994), governing personal injury actions generally, and by concluding that the discovery rule did not operate to extend these statutory filing periods. Albright also challenges the constitutionality of W. Va.Code § 55–2–15 and states that because this provision is unconstitutional, the time limits contained therein cannot bar the maintenance of his cause of action against the defendants.[9]

### A. Statutory Filing Periods

Albright first assigns as error the circuit court's determination that his claims were time barred by the filing periods contained in W. Va.Code § 55–2–15 and W. Va.Code § 55–2–12(b). He further contests the circuit court's decision that the discovery rule

does not operate, under the circumstances of this case, to extend either of these statutory time limits so as to render his complaint timely filed.

### 1. W.Va.Code § 55–2–15

■ Albright first argues that the statutory filing periods of W. Va.Code § 55–2–15 [10] do not limit his ability to bring his claim because he was not under a disability due to infancy or insanity at the time his cause of action accrued.[11] See Donley v. Bracken, 192 W.Va. 383, 452 S.E.2d 699 (1994) (explaining disability provisions of W. Va.Code § 55–2–15). He suggests that the time limitations of § 55–2–15 are applicable only when a plaintiff presumably is incapable of recognizing his/her right of recovery because he/she is either an infant or incompetent. Here, however, Albright claims that neither infancy nor incompetency prevented him from realizing his recovery rights, and, thus, he states that he does not rely upon the saving provisions of § 55–2–15 as a means by which to toll the applicable statute of limitations. Rather, he contends that he was prevented from earlier recognizing his right to recovery because the defendants' egregious conduct caused him to repress any memories of the sexual abuse. When he did realize his right to recovery in 1994, upon recollecting the instance of sexual abuse, he maintains that he was neither an infant nor insane. Therefore, because he was under no disability at the time his cause

---

9. Albright additionally contends that, even if the applicable statutory filing periods preclude the prosecution of his civil action, the defendants are equitably estopped from raising a statute of limitations defense. In support of his argument, Albright cites but one case, *Dye v. Pennsylvania Casualty Co.*, 128 W.Va. 112, 35 S.E.2d 865 (1945), which is of questionable applicability to this particular issue. Furthermore, Albright has failed to illustrate, in his appellate brief, how the particular acts of the defendants give rise to his claim of equitable estoppel. *See* Syl. pt. 4, *Bradley v. Williams*, 195 W.Va. 180, 465 S.E.2d 180 (1995) (" 'In order to create an estoppel to plead the statute of limitations the party seeking to maintain the action must show that he was induced to refrain from bringing his action within the statutory period by some affirmative act or conduct of the defendant or his agent and that he relied upon such act or conduct to his detriment.' Syl. Pt. 1, *Humble Oil & Ref. Co. v. Lane*, 152 W.Va. 578, 165 S.E.2d 379 (1969)."). For

these reasons, we decline to address this assignment of error as inadequately briefed. *See Ohio Cellular RSA Ltd. Partnership v. Board of Pub. Works of W. Va.*, 198 W.Va. 416, 424 n. 11, 481 S.E.2d 722, 730 n. 11 (1996) (refusing to address issues on appeal that had not been adequately briefed).

10. For the text of W. Va.Code § 55–2–15, see *supra* note 8.

11. In his brief before this Court, counsel for defendant Church contests Albright's statement that he was not under the disability of insanity and represents that Albright claimed in his complaint "that he 'repressed this knowledge [of the alleged sexual assaults] to deal with the trauma caused thereby' and that this knowledge was repressed due to 'mental illness, disease, injury, or similar cause or condition.' " (Brackets added by Church).

accrued, Albright asserts that the circuit court erred in determining the filing periods recited in W. Va.Code § 55–2–15 barred his claim.

Albright submits further that the defendants' reliance on *Donley v. Bracken* is misplaced. In *Donley,* this Court construed the effect of the discovery rule on the requirements of W. Va.Code § 55–2–15. Rejecting any extension of the twenty-year limitations period, this Court explained:

> First, this statute applies only to those plaintiffs suffering from disabilities such as infancy or incompetency. Second, if such a disability exists, then the normal two year statute of limitations is tolled up to two years after the plaintiff has attained the age of majority or has become sane. Third, in cases where the disability has not been cured earlier, the plaintiff has twenty years from the date the cause of action "accrued" to bring a lawsuit.

192 W.Va. at 387, 452 S.E.2d at 703 (footnote omitted). Thus, Albright reiterates that because this Court's holding in *Donley* makes clear that the only disabilities contemplated by § 55–2–15 are age and incompetency, and because he was neither an infant nor an incompetent at the time his cause of action accrued, the twenty-year limitations period provided by this statutory provision does not apply to bar his claims.

Defendant White responds that the circuit court did not err by dismissing Albright's complaint as untimely pursuant to W. Va. Code § 55–2–15. In this manner, White proposes that Albright could have filed his lawsuit at the time the alleged sexual molestation occurred, or, because Albright was an infant at the time of the purported injury, within two years after having attained the age of eighteen. Finally, even if the discovery rule is deemed applicable to causes of action governed by § 55–2–15,[12] Albright could have brought his cause of action no later than twenty years after the injury occurred. In other words, since the alleged injury occurred in 1969, his last opportunity to seek redress of this injury would have been in 1989.

In further support of his position that Albright's claim was time barred by § 55–2–15, White cites this Court's decision in *Donley v. Bracken,* 192 W.Va. 383, 452 S.E.2d 699, wherein the Court held that the discovery rule did not apply to extend the time periods contained in § 55–2–15. Finding the statutory language to be plain, this Court determined that "the legislature simply has not provided for any further equitable tolling or application of the 'discovery rule.' To rule [otherwise] would be totally inconsistent with the legislative intendment and would create a result supported by neither the rules of statutory construction nor logic." 192 W.Va. at 387, 452 S.E.2d at 703. Suggesting further that public policy arguments did not support the applicability of the discovery rule to actions maintained pursuant to § 55–2–15, White indicates that the Court

> observed [that] our legislature afforded ... minors an enhanced period of time in which to bring forth their claims. The legislature, however, was equally cognizant of the right of defendants "to be free of stale claims." The last sentence of the statute takes into consideration such interests by limiting the right to file suit to twenty years regardless of whether the disability has been lifted. In the wisdom of the legislature, to allow suits to be brought after more than twenty years would place too great a burden on defendants and the judicial system.

192 W.Va. at 387–88, 452 S.E.2d at 703–04.

White additionally states that the circuit court correctly held the discovery rule to be inapplicable to this case. *Citing Donley v. Bracken,* 192 W.Va. 383, 452 S.E.2d 699. Defendant White claims that this Court has already examined the issue of whether the discovery rule can operate to toll the uppermost statutory filing period of twenty years contained in W. Va.Code § 55–2–15 and has determined that this twenty-year period cannot be extended. Disputing Albright's contention that, although he was a child at the

---

**12.** White contends that the discovery rule is not applicable to actions governed by W. Va.Code § 55–2–15.

time of his injury, his cause of action did not accrue until his repressed memory awakened, White represents that this Court categorically rejected a similar argument in *Donley* based upon "a defendant's right to circumvent defending lawsuits more than two decades after the alleged [wrongdoing] took place." 192 W.Va. at 388, 452 S.E.2d at 704. White also characterizes Albright's factual distinguishment of *Donley* and his situation as a "distinction without a difference," because the Court in *Donley*, though noting that the *Donley* plaintiffs had effectively "repressed" their conscious awareness of their daughter's injuries, refused to permit this suppression to extend the twenty-year filing period of § 55–2–15.

The Church advances substantially the same arguments presented by White, suggesting that the plain language of W. Va. Code § 55–2–15 bars Albright's complaint because it was filed neither within two years of his having attained the age of majority nor within twenty years after the injury occurred. In addition, the Church claims that the issues raised by Albright concerning § 55–2–15 have already been resolved by this Court in its *Donley* decision. The Church also rejects Albright's suggestion that because he was under a disability in that he could not remember his sexual abuse until he underwent therapy in 1994, his cause of action did not accrue until 1994; rather, the Church states that Albright's·cause of action accrued during his minority, at the time of the alleged abuse, and that Albright's repression of these memories does not affect the action's accrual. The Church further points out that Albright's novel interpretation of § 55–2–15, which would require a nexus between the claimed disability and the plaintiff's stated reason for being unable to earlier discover his/her cause of action, has no support in the law of this State. In this regard, the Church notes that this Court in *Donley* has already heard and rejected arguments similar to those advanced by Albright in this case.

Finally, the Church maintains that Albright cannot plead in his complaint that his mental condition prevented him from recognizing his cause of action, in order to invoke the discovery rule, while simultaneously asserting on appeal that he was not "insane," in order to avoid the application of the statutory time periods contained in W. Va.Code § 55–2–15. *Citing Goewey v. United States*, 222 Ct.Cl. 104, 113–14, 612 F.2d 539, 544 (1979) (per curiam) ("'[I]nsane' or of 'unsound mind' ... means a condition of mental derangement which renders the sufferer incapable of caring for his property, of transacting business, of understanding the nature and effect of his acts, and *of comprehending his legal rights* and liabilities." (footnote and citations omitted) (emphasis added by Church)); *Williams v. Westbrook Psychiatric Hosp.*, 420 F.Supp. 322, 325 (E.D.Va. .1976) (defining "insane" as "such a condition of mental derangement as actually to bar the sufferer from comprehending rights which he is otherwise bound to know"). The Church insists that these two inconsistent arguments are simply not available to Albright and that, since his complaint indicates that he is relying upon his suspect mental condition, his action is governed by § 55–2–15, which specifically tolls the otherwise applicable statute of limitations when the injured party is mentally incompetent. As § 55–2–15 does not permit the discovery rule to extend its filing periods, as determined by this Court in *Donley*, the circuit court correctly dismissed Albright's complaint as having been untimely filed.

With this assignment of error, we are requested to determine whether the time limits contained in W. Va.Code § 55–2–15 govern the claims asserted by Albright in his complaint and whether the discovery rule operates to toll this statutory filing period. W. Va.Code § 55–2–15 (1923) (Repl.Vol.1994) provides, in pertinent part:

> If any person to whom the right accrues to bring any such personal action [or] suit ... shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues ... except that it shall in no case be brought after twenty years from the time when the right accrues.

■ To determine whether this statute applies to Albright's claims, it is necessary to determine whether his cause of action accrued while he was under the disability of either infancy or incompetency. "Generally, a cause of action accrues ... when a tort occurs...." Syl. pt. 1, in part, *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992). *See also* Syl. pt. 1, in part, *Jones v. Trustees of Bethany College*, 177 W.Va. 168, 351 S.E.2d 183 (1986) (holding that "the right to bring an action for personal injuries accrues ... when the injury is inflicted"). In addition, at the time of the sexual abuse alleged in this case, the terms "infant" and "minor" contemplated one who was under twenty-one years of age. *See* W. Va.Code § 2–2–10(m) (1923) (Main Vol.1961) ("The words 'under disability' include[d] persons under the age of twenty-one years[.]").[13] Similarly, "[t]he words 'insane person' include[d] every one who [was] an idiot, lunatic, non compos or deranged[.]" W. Va.Code § 2–2–10(n) (1923) (Main Vol.1961).[14]

Under the facts averred in the complaint, it appears that the torts alleged to have been committed, *e.g.*, battery, negligence, breach of duty, etc., occurred in 1969, when Albright was approximately eleven years old. Thus, Albright was clearly under the disability of age at the time his cause of action accrued, and therefore, § 55–2–15 effectively tolled the running of the statute of limitations until his disability of age had been removed. *See Glover v. Narick*, 184 W.Va. 381, 392, 400 S.E.2d 816, 827 (1990). While the facts averred do not indicate that Albright suffered any mental disability that would have prevented him from realizing his claim, the absence of such disability is not fatal to the application of W. Va.Code § 55–2–15 as it contemplates a plaintiff who is either "an infant *or* insane" at the time his/her cause of action accrues. W. Va.Code § 55–2–15 (emphasis added). *See State v. Rummer*, 189 W.Va. 369, 377, 432 S.E.2d 39, 47 (1993) ("We have customarily stated that where the disjunctive 'or' is used, it ordinarily connotes an alternative between the two clauses it connects." (internal quotation marks and citations omitted)).

■ Having determined that Albright was under the disability of infancy at the time his cause of action against the defendants accrued, it is now necessary to determine to what date the provisions of § 55–2–15 tolled the governing statute of limitations. When interpreting statutory language, we are guided by principles of statutory construction. " 'A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.' Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951)." Syl. pt. 1, *State v. Jarvis*, 199 W.Va. 635, 487 S.E.2d 293 (1997). Stated otherwise, " '[w]here a statutory mandate is plain and unambiguous it will be applied and not construed'. Syllabus, Point 1, *Walls v. Miller*, [162] W. Va. [563], [251] S.E.2d 491 (1978)." Syl., *McNealy v. Meadows*, 165 W.Va. 807, 272 S.E.2d 232 (1980).

Reading the plain statutory language of W. Va.Code § 55–2–15, it is apparent that the statute provides additional protection for a plaintiff who is an infant or insane at the time his/her cause of action accrues by permitting him/her to file his/her claim, within the generally applicable statutory filing period, after his/her disability has been cured. In this respect, we have recognized, consistent with the general statute of limitations

---

13. Under current law, "[t]he words 'infant' and 'minor' mean persons under the age of eighteen years[.]" W. Va.Code § 2–2–10(aa) (1989) (Repl. Vol.1994). *See also* W. Va.Code § 2–2–10(m) (1989) (Repl.Vol.1994) ("The words 'under disability' include persons under the age of eighteen years[.]"); W. Va.Code § 2–3–1 (1974) (Repl.Vol. 1994) (providing that "[o]n and after June nine, one thousand nine hundred seventy-two, except as otherwise specifically provided in this code, no person who is eighteen years of age or older shall lack legal capacity, by reason of his age, to ... prosecute ... legal actions").

14. The definition of "insane person" has since been amended to "include everyone who has mental illness as defined in section two [§ 27–1–2], article one, chapter twenty-seven of this code[.]" W. Va.Code § 2–2–10(n) (1989) (Repl. Vol.1994). *See* W. Va.Code § 27–1–2 (1974) (Repl.Vol.1992) (" 'Mental illness' means a manifestation in a person of significantly impaired capacity to maintain acceptable levels of functioning in the areas of intellect, emotion and physical well-being.").

contained in W. Va.Code § 55–2–12, that a plaintiff has two years after the curing of his/her disability of age or incompetency within which to file his/her cause of action. *Donley v. Bracken,* 192 W.Va. 383, 387, 452 S.E.2d 699, 703 (1994) ("[I]f such a disability exists, then the normal two year statute of limitations is tolled up to two years after the plaintiff has attained the age of majority or has become sane."). Nevertheless, as we long ago announced in *Seymour v. Alkire,* under no circumstances may a plaintiff, who was an infant at the time his/her cause of action accrued, file his/her lawsuit more than twenty years after its accrual. 47 W.Va. 302, 310, 34 S.E. 953, 956 (1899).

More recently, in the case of *Donley v. Bracken,* we tailored this holding with respect to the application of § 55–2–15 to causes of action accruing during a plaintiff's incompetency: "In order for a permanently incompetent person to maintain a viable and timely action under W. Va.Code, 55–2–15 (1923), the lawsuit must be brought within twenty years of the date of the wrongful act and the injury." Syl. pt. 1, *Donley,* 192 W.Va. 383, 452 S.E.2d 699. Recognizing this twenty-year filing cap for actions by incompetent individuals, we noted that "[t]he general purpose of statute [sic] of limitations is to encourage presentation of claims within a reasonable time." *Donley,* 192 W.Va. at 387, 452 S.E.2d at 703. Further explaining our reasoning, we observed that

> our legislature afforded incompetents and minors an enhanced period of time in which to bring forth their claims. The legislature, however, was equally cognizant of the right of defendants "to be free of stale claims." The last sentence of the statute [W. Va.Code § 55–2–15] takes into consideration such interests by limiting the right to file suit to twenty years regardless of whether the disability has been lifted. In the wisdom of the legislature, to allow suits to be brought after more than twenty years would place too great a burden on defendants and the judicial system.

*Id.,* 192 W.Va. at 387–88, 452 S.E.2d at 703–04.

 Consistent with our application of W. Va.Code § 55–2–15 to causes of action by plaintiffs who were incompetent at the time their causes accrued, we today hold that, in order for a plaintiff who was under the disability of infancy at the time his/her cause of action accrued to maintain a viable and timely action under W. Va.Code § 55–2–15 (1923) (Repl.Vol.1994), he/she must file his/her lawsuit (1) within two years after he/she has attained the age of majority and (2) within twenty years of the date of the wrongful act and the injury. Reviewing the facts of the case before us, it appears that Albright's injury occurred in 1969, when he was eleven years old and consequently under the disability of infancy. Pursuant to our construction of the governing statutory time limits contained in W. Va.Code § 55–2–15, Albright was required to file his cause of action within two years of having attained the age of twenty-one, or by the year 1981, when he would have been twenty-three years old.[15] Under the most liberal construction of the facts in Albright's favor, he would have been required to file his lawsuit not later than twenty years after the date upon which his injury occurred, that date being in 1989. Because Albright did not file his complaint charging the defendants with liability for the alleged sexual abuse until 1996, his complaint was not timely filed, and the circuit court correctly found his lawsuit to be time barred.

 In addition to questioning the applicability of the time limits set forth in W. Va.Code § 55–2–15 to his causes of action, Appellant Albright further urges that the circuit court erroneously refused to apply the discovery rule to extend the statutory filing period. Generally, we have held that where a tort-based claim is governed by a statute, which clearly prohibits the application of the discovery rule, the statute of limitations applicable to tort claims generally will dictate when that particular cause of action has been timely filed and will not be extended by

---

**15.** We stress, however, that under the current statutory definition of "infant" and "minor," *see supra* note 13, a plaintiff whose cause of action accrues while he/she is under the disability of age would have until two years after he/she attains the age of eighteen, *i.e.,* until he/she is twenty years old, to file his/her lawsuit.

resort to the discovery rule. In Syllabus point 2 of *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992), we held: "The 'discovery rule' is generally applicable to all torts, *unless there is a clear statutory prohibition of its application.*" (Emphasis added). *See also* Syl. pt. 4, in part, *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997) (recognizing that the discovery rule applies "[i]n tort actions, *unless there is a clear statutory prohibition to its application*" (emphasis added)).

With specific application to the case *sub judice*, we previously have determined that a "clear statutory prohibition" exists to preclude the application of the discovery rule in suits governed by W. Va.Code § 55–2–15. In construing the applicability of this statute to causes of action brought by permanently incompetent individuals, we "conclude[d] that the legislature simply has not provided for any further equitable tolling or application of the 'discovery rule' [to causes governed by W. Va.Code § 55–2–15]." *Donley*, 192 W.Va. at 387, 452 S.E.2d at 703. We further explained that "[t]he statute's plain language does not permit a contrary construction, and we can see no reason for reading more into this generous statute of limitations. Thus, absent contrary indications, it is presumed that the legislature did not intend consideration of judicially created exceptions such as the 'discovery rule.'" *Id.*, 192 W.Va. at 388, 452 S.E.2d at 704. In keeping with our previously articulated construction of the effect of this statutory provision, we hold that the plain language of W. Va.Code § 55–2–15 (1923) (Repl.Vol.1994) clearly prohibits the application of the discovery rule to extend the statutory filing periods provided by this section. Accordingly, we concur with the circuit court's ruling finding the discovery rule to be inapplicable to the facts of this case.[16]

*2. W.Va.Code § 55–2–12(b)*

■ Albright next maintains that the two-year personal injury statute of limita-

tions provided by W. Va.Code § 55–2–12(b)[17] did not automatically bar his claims as untimely since this filing period was tolled by the defendants' conduct. In this manner, Albright contends that the defendants' actions rendered applicable the discovery rule. The discovery rule, as described by this Court in *Cart v. Marcum*, 188 W.Va. at 245, 423 S.E.2d at 648, recognizes that

> the statute of limitations will apply unless the handicaps to discovery at the time of the injury are great and are largely the product of the defendant's conduct in concealing either the tort or the wrongdoer's identity.

> The "discovery rule," then, is to be applied with great circumspection on a case-by-case basis only where there is a strong showing by the plaintiff that he was *prevented* from knowing of the claim at the time of the injury.

Relying upon this theory, Albright proposes that because White's sexual abuse so traumatized him, he repressed the memory of this abuse for nearly twenty-five years. When the cause of action did accrue, upon Albright's recollection of these events in 1994, he promptly filed a civil action against White and the Church within two years of this accrual. *See Donley*, 192 W.Va. at 391, 452 S.E.2d at 707 (recognizing that "competent persons may bring a claim after [the expiration of] twenty years, assuming the suit is filed within two years of discovery" (brackets added by Albright)). Therefore, Albright concludes, the circuit court erroneously determined that the requirements of W. Va.Code § 55–2–12(b) had not been satisfied.

■ Albright also submits, despite the defendants' contentions to the contrary, that his complaint sufficiently pled facts so as to permit him to invoke the discovery rule. In this regard, Albright states that he is not required to prove that the defendants active-

---

**16.** At this juncture, we wish to note that our resolution of the instant appeal on the grounds of statutory filing periods in no way attempts to address or otherwise resolve whether a plaintiff's claim of repressed memory may validate a cause of action. Instead, we reserve discussion of this issue for a more factually and legally appropriate case.

**17.** The language of W. Va.Code § 55–2–12(b) is set forth in note 7, *supra*.

ly prevented him from knowing of his injury in order to rely on the discovery rule as defined in *Gaither v. City Hospital, Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997). Explaining this Court's earlier ruling in *Cart,* the *Gaither* Court stated that when a plaintiff does or reasonably should know of the existence of his/her injury and its cause, he/she must " 'make a strong showing of fraudulent concealment, inability to comprehend the injury, or other extreme hardship' " in order to benefit from the discovery rule. *Gaither,* 199 W.Va. at 713, 487 S.E.2d at 908 (quoting *Cart,* 188 W.Va. at 245, 423 S.E.2d at 648 (footnotes omitted)). When, however, a plaintiff knows of his/her injury, but does not know that it was caused by another, rather than by the plaintiff, him/herself, we determined that " '[j]ustice is not done when an injured person loses his right to sue before he discovers if he was injured or who to sue.' " 199 W.Va. at 713, 487 S.E.2d at 908 (quoting *Hickman v. Grover,* 178 W.Va. 249, 252, 358 S.E.2d 810, 813 (1987)). Thus,

> in tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury. This rule tolls the statute of limitations until a plaintiff, acting as a reasonable, diligent person, discovers the essential elements of a possible cause of action, that is, discovers duty, breach, causation and injury.

199 W.Va. at 714, 487 S.E.2d at 909 (footnote omitted). *See also* Syl. pt. 4, *Gaither,* 199 W.Va. 706, 487 S.E.2d 901 (same, with last quoted sentence omitted). As Albright claims that he did not know of either his injury or its cause until 1994, and as the statute of limitations in W. Va.Code § 55–2–12(b) governing his claims does not bar the operation of the discovery rule, he contends that the circuit court erred in ruling to the contrary.

White replies that, pursuant to W. Va.Code § 55–2–12(b), Albright's complaint was untimely filed and that the circuit court ruled properly by finding that the discovery rule did not excuse this tardiness. Challenging Albright's reliance on this Court's decision in *Gaither,* White suggests that the holding in *Gaither,* which was rendered after the circuit court's disposition of this case, cannot be applied retroactively. *Citing* Syl. pt. 4, *Kincaid v. Mangum,* 189 W.Va. 404, 432 S.E.2d 74 (1993) (describing circumstances under which a decision may be applied retroactively).

Moreover, White reiterates the language quoted by Albright, and restated in Syllabus point 4 of *Gaither,* which indicates that the new discovery rule standard announced in *Gaither* is not applicable if "there is a clear statutory prohibition to its application." Syl. pt. 4, in part, *Gaither,* 199 W.Va. 706, 487 S.E.2d 901. White then submits that the *Gaither* Court specifically acknowledged that a "statute of repose" would constitute such a "clear statutory prohibition" as to preclude the operation of the modified discovery rule. Accordingly, White suggests that this Court's interpretation in *Donley* of the plain language of the statutory filing periods articulated in § 55–2–15 forecloses employment of the *Gaither* modified discovery rule in this case.

White additionally contests Albright's use of legal terminology. Whereas Albright claims that his cause of action did not "accrue" until he remembered, during a therapy session, his earlier sexual abuse, White proposes that

> "[g]enerally, a cause of action accrues (i.e., the statute of limitations begins to run) when a tort occurs; under the 'discovery rule,' the statute of limitations is tolled until a claimant knows or by reasonable diligence should know of his claim." Syllabus Point 1, *Cart v. Marcum,* 188 W.Va. 241, 423 S.E.2d 644 (1992).

Syl. pt. 2, *Gaither,* 199 W.Va. 706, 487 S.E.2d 901. *See also* Syl. pt. 1, *Jones v. Trustees of Bethany College,* 177 W.Va. 168, 351 S.E.2d 183 (1986) ("The statute of limitations ordinarily begins to run when the right to bring an action for personal injuries accrues[,]

which is when the injury is inflicted."). Thus, White intimates that Albright's cause of action technically "accrued" at the time he suffered the alleged sexual abuse and that the discovery rule, if it were applicable, would merely have tolled the running of the statute of limitations until Albright had discovered the existence of his previously accrued claim.

The Church answers by stating that Albright's claims are governed by the two-year statute of limitations contained in W. Va. Code § 55–2–12(b). Defendant Church also joins in White's contentions that Albright has misused the term "accrue," indicating that Albright's cause of action "accrued" at the time he was allegedly sexually abused. The Church additionally joins in White's reiteration that *Cart* recognized the limited availability of the discovery rule and indicates that Albright has pled no facts to indicate that the defendants intentionally prevented him from earlier discovering his claim. *See Cart v. Marcum*, 188 W.Va. at 245, 423 S.E.2d at 648 ("[B]y declaring the *existence* of a 'discovery rule' we do not eviscerate the statute of limitations.... The 'discovery rule' ... is to be applied with great circumspection on a case-by-case basis only where there is a strong showing by the plaintiff that he was *prevented* from knowing of the claim at the time of injury."). Lastly, defendant Church adopts its codefendant's analysis of the *Gaither* decision and determination that the tenets of that case have no application to the case *sub judice*.

Examining the arguments of the parties and the relevant statutory law, we find Appellant Albright's reliance upon the statute of limitations contained in W. Va.Code § 55–2–12(b) to be misplaced. W. Va.Code § 55–2–12(b) (1959) (Repl.Vol.1994) provides a general statute of limitations which applies to tort actions not otherwise governed by a more specific statute of limitations: "[e]very personal action *for which no limitation is otherwise prescribed* shall be brought ... (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]" (Emphasis added). By contrast, as noted in Section III.A.1., above, W. Va.Code § 55–2–15 pro-vides specific time limits for actions accruing during a plaintiff's infancy or incompetency.

When construing a general and a specific statute pertaining to the same topic, it is necessary to consider the statutes consistently with one another.

" 'Statutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent. Accordingly, a court should not limit its consideration to any single part, provision, section, sentence, phrase or word, but rather review the act or statute in its entirety to ascertain legislative intent properly.' Syl. pt. 5, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159 W.Va. 14, 217 S.E.2d 907 (1975)." Syl. pt. 1, *State ex rel. Lambert v. County Commission of Boone County*, 192 W.Va. 448, 452 S.E.2d 906 (1994).

Syl. pt. 12, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995). Ordinarily, though, a specific statute prevails over a general statutory provision. " 'The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled.' Syllabus Point 1, *UMWA by Trumka v. Kingdon*, 174 W.Va. 330, 325 S.E.2d 120 (1984)." Syl. pt. 1, *Whitlow v. Board of Educ. of Kanawha County*, 190 W.Va. 223, 438 S.E.2d 15 (1993). Furthermore, "[w]here the language of a statute is clear and unambiguous, it must be applied and not construed." Syl. pt. 1, *State ex rel. Dolin v. City of Huntington*, 154 W.Va. 460, 176 S.E.2d 683 (1970). *See also State ex rel. Roy Allen S. v. Stone*, 196 W.Va. 624, 630, 474 S.E.2d 554, 560 (1996) (" 'We look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed.' " (quoting *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995)) (footnote omitted)).

Looking to the relationship between W. Va.Code § 55–2–12(b) and W. Va.Code § 55–2–15, we conclude that the specific time lim-

**306**

its provided by § 55–2–15 govern the instant lawsuit and that resort to the statutory filing periods contained in § 55–2–12(b) is unnecessary in this case. As we previously have determined Albright's claims to have been barred by the § 55–2–15 statutory filing periods, we decline further to address Albright's contentions in this regard.[18]

### B. Constitutionality of W.Va.Code § 55–2–15

■ Albright claims finally that if this Court determines W. Va.Code § 55–2–15 provides the applicable filing periods governing his cause of action, such statutory provision is unconstitutional as violative of the equal protection clause. Employing the defendants' interpretation of this section, an infant who is injured during his/her infancy has only twenty years within which to seek redress of his/her injury regardless of when he/she discovers the injury. By contrast, the discovery rule permits one who is not a minor a seemingly indefinite period of time within which to ascertain his/her injuries and to pursue a recovery therefor. Apparently, this distinction in filing periods would apply whether or not the factor preventing the minor from realizing his/her injury was his/her infancy. Accordingly, Albright suggests that this interpretation of § 55–2–15 unfairly discriminates against those who are injured during their minority.

As a purported age classification, Albright suggests intermediate scrutiny is applicable: the statute must be substantially related to the achievement of an important governmental interest. *Citing Shelby J.S. v. George L.H.*, 181 W.Va. 154, 381 S.E.2d 269 (1989). Albright submits that, while the State has an important interest in preventing stale lawsuits, there is no important interest to be served by employing unequal statutory time limits. Thus, Albright proposes that a uniform statutory filing period should be employed in cases, such as this one, where the plaintiff was injured during his/her infancy but where a factor other than his/her infancy

precluded him/her from earlier ascertaining his/her cause of action.

Both White and the Church reply that the constitutional challenge Albright raises in this appeal has been previously and thoroughly reviewed and rejected by this Court in *Donley. See Donley*, 192 W.Va. at 391, 452 S.E.2d at 707.

We last are asked to ascertain whether W. Va.Code § 55–2–15 unconstitutionally denies equal protection to those plaintiffs whose causes of action accrue during their infancy.

" 'When the constitutionality of a statute is questioned every reasonable construction of the statute must be resorted to by a court in order to sustain constitutionality, and any doubt must be resolved in favor of the constitutionality of the legislative enactment.' Point 3, Syllabus, *Willis v. O'Brien*, 151 W.Va. 628 [153 S.E.2d 178] [ (1967) ]." Syllabus Point 1, *State ex rel. Haden v. Calco Awning & Window Corp.*, 153 W.Va. 524, 170 S.E.2d 362 (1969).

Syl. pt. 3, *Donley v. Bracken*, 192 W.Va. 383, 452 S.E.2d 699 (1994). Furthermore,

" ' "[i]n considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. [*W. Va. Const.* art. V, § 1.] Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt." Syl. pt. 1, *State ex rel. Appalachian Power Co. v. Gainer*, 149 W.Va. 740, 143 S.E.2d 351

---

**18.** Having resolved the case before us by finding it to be time barred by the specific time limits provided by W. Va.Code § 55–2–15, we render no additional decision with regard to the propriety of the circuit court's ruling finding Albright's

claim also to be barred by the general statute of limitations provided by W. Va.Code § 55–2–12(b), as such a determination is unnecessary to our disposition of the issues before us.

(1965).' Syl. pt. 2, *West Virginia Public Employees Retirement System v. Dodd,* 183 W.Va. 544, 396 S.E.2d 725 (1990) [, *overruled on other grounds by Booth v. Sims,* 193 W.Va. 323, 456 S.E.2d 167 (1995) ]." Syllabus Point 4, *Tony P. Sellitti Const. Co. v. Caryl,* 185 W.Va. 584, 408 S.E.2d 336 (1991).

Syl. pt. 4, *Donley,* 192 W.Va. 383, 452 S.E.2d 699.

In addition to these general standards governing our review of constitutional challenges, we have formulated precise standards applicable to the determination of whether a particular statutory filing period is constitutionally sound.

In prior equal protection challenges to statutes of limitations, we have characterized such laws as affecting only economic rights, not fundamental rights. We have therefore measured the laws under a lenient standard that requires us to determine whether the classification in question "bears a reasonable relationship to a proper governmental purpose[.]"

*Donley,* 192 W.Va. at 390, 452 S.E.2d at 706 (quoting Syl. pt. 2, in part, *Whitlow v. Board of Educ. of Kanawha County,* 190 W.Va. 223, 438 S.E.2d 15) (additional citation omitted).

Previously, we examined the constitutionality of W. Va.Code § 55–2–15 as it pertains to plaintiffs who are under a permanent disability of incompetency. Upholding this statutory provision as constitutional, we held that "[t]he twenty year cap in W. Va.Code, 55–2–15 (1923), is reasonably related to the legislative goal of preventing stale law suits and the failure to impose a similar cap on competent persons does not adversely discriminate against the mentally disabled." Syl. pt. 5, *Donley,* 192 W.Va. 383, 452 S.E.2d 699. In reaching this conclusion, we recognized that the legislature had appropriately balanced the need of incompetent individuals to have an extended statutory filing period within which their personal representatives could bring a lawsuit on their behalf and the right of potential defendants to defend lawsuits not based upon stale evidence and to realize the finality of litigation. We further examined the arguments advanced by the representatives of the incompetent plaintiff and concluded that the generous statutory filing periods did not impose an unfair burden upon incompetent plaintiffs as opposed to competent litigants. *Donley,* 192 W.Va. at 390–91, 452 S.E.2d at 706–07.

In the case *sub judice,* we are faced with less compelling circumstances under which to negate the constitutionality of W. Va.Code § 55–2–15. In *Donley,* the Court noticed that permanently incompetent individuals would never have their disability lifted and would always have to rely upon a personal representative to file their lawsuits for them. *Donley,* 192 W.Va. at 390, 452 S.E.2d at 706. Contrariwise, the disability of infancy at issue in this case would always be overcome upon the plaintiff's reaching the age of majority. Thus, for substantially the same reasons as those relied upon by this Court in *Donley,* we find that W. Va.Code § 55–2–15 is constitutional as it relates to plaintiffs who were minors upon the accrual of their causes of action. Accordingly, we hold that the twenty year cap in W. Va.Code § 55–2–15 (1923) (Repl.Vol.1994) is reasonably related to the legislative goal of preventing stale law suits, and the failure to impose a similar cap on plaintiffs who were not under the disability of age at the time that their causes of action accrued does not adversely discriminate against those plaintiffs whose causes of action accrued during their infancy. Hence, we reject Albright's contentions to the contrary.

## IV.

### CONCLUSION

In conclusion, and for the foregoing reasons detailed in our decision of this matter, we affirm the order of the Circuit Court of Harrison County dismissing Albright's complaint as barred by the statutory filing periods of W. Va.Code § 55–2–15.

Affirmed.