# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John T. Lemon and Pamela Lemon,**
**Plaintiffs Below, Petitioners**

**vs) No. 12-0990** (Kanawha County 12-C-482)

**Dennis Stilwell Jr.,**
**Defendant Below, Respondent**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioners John T. Lemon and Pamela Lemon, by counsel David White, appeal the July 20, 2012 order of the Circuit Court of Kanawha County, which granted respondent's motion to dismiss. Respondent Dennis Stilwell Jr., by counsel Andrew Workman, has filed a response.

As more fully explained herein, the Court is of the opinion that the circuit court erred in granting respondent's motion to dismiss. Because we find that the circuit court erred by failing to conduct a proper analysis before granting the motion to dismiss and that this case must be remanded for that purpose, this case satisfies the "limited circumstances" requirement of Rule 21(d) and it is appropriate for the Court to issue a memorandum decision rather than an opinion.

On March 15, 2012, petitioners filed a complaint alleging that on August 25, 2008, respondent negligently and carelessly ran him off the road causing serious injury and that respondent failed to stop and render aid. Petitioners also alleged that, despite their best efforts and subsequent investigation, they were unable to identify respondent until June of 2011. On April 3, 2012, respondent filed a motion to dismiss the complaint pursuant to West Virginia Code § 55-2-12. Following a hearing on respondent's motion to dismiss, the circuit court granted respondent's motion. The circuit court, applying the discovery rule, found that petitioners' two-year statute of limitations began to run on August 25, 2008, the date of the accident and a reasonably prudent person should have known the identity of the respondent and the elements of his cause of action before June of 2011.

"'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Albright v. White*, 202 W. Va. 292, 503 S.E.2d 860 (1998). In *Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009), this Court set forth the appropriate analysis circuit courts should use to determine if an action is time-barred, as follows:

> [T]he court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the

1

discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997). Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine. Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact.

Syl. Pt. 5, *Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true. *John W. Lodge Distributing Co., Inc. v. Texaco*, *Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978).

In reviewing the language of the complaint and in consideration of the applicable standard of review, the Court finds that the circuit court failed to apply the five-step analysis set forth in *Dunn*. Therefore, we reverse the circuit court's July 20, 2012 order granting respondent's motion to dismiss and remand with instructions for the circuit court to consider the factors set forth in *Dunn.*

Reversed and Remanded.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II