556 S.E.2d 427

Erika L. MILLER, Plaintiff
Below, Appellant

v.

MONONGALIA COUNTY BOARD OF
EDUCATION, A Political Subdivision,
John Doe and Jane Doe, Defendants Be-
low, Appellees

No. 29695.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 19, 2001.

Decided Nov. 14, 2001.

Concurring Opinion of Justice
Starcher Dec. 13, 2001.

MAYNARD, Justice:

The appellant, Erika L. Miller, contends the Circuit Court of Monongalia County erred by dismissing her complaint against the Monongalia County Board of Education by order entered on January 16, 2001. She believes the discovery rule applies to the general statute of limitations referenced in W.Va.Code § 55–2–15 (1923). We agree and reverse.

## I.

### FACTS

The appellant instituted this civil action against the Monongalia County Board of Education (Board) due to alleged conduct of the Board which occurred independent of the crimes committed by Donald McIntosh, a

middle school teacher employed by the Board. During the 1989–90 school year, the appellant was enrolled as a student in McIntosh's class at South Junior High School. McIntosh possessed a lustful disposition toward children and targeted the appellant as a victim. The teacher began intentionally misgrading the appellant's tests and asked her to stay after school to retake the exams for extra credit. During these after-school sessions, McIntosh offered Miller the opportunity to retake the exams only if she would ride with him. to collect newspaper route fees. McIntosh began fondling the appellant as she rode with him in his automobile. The sexual abuse inflicted upon the appellant ended when she graduated from ninth grade and enrolled in high school the following academic year.

McIntosh was subsequently convicted of three counts of third degree sexual assault. The convictions were affirmed by this Court in *State v. McIntosh*, 207 W.Va. 561, 534 S.E.2d 757 (2000). The appellant then filed this civil action seeking to hold the Board legally responsible for the injuries and damages she sustained as a minor.[1] She accused the Board of negligently failing to protect her from the sexual abuse inflicted upon her by McIntosh. She contends an investigation conducted by her counsel following McIntosh's criminal trial and appeal revealed the Board failed to report McIntosh's sexual deviant behavior to the appropriate authorities; fraudulently concealed material facts regarding the Board's involvement and knowledge of the sexual misconduct; destroyed documentary evidence of alleged sexual deviant behavior in McIntosh's personnel file; transferred McIntosh between school districts in an effort to obfuscate the sexual deviant behavior; and continued to provide McIntosh with unfettered and unsupervised access to the school children in the county.

The Board filed a motion to dismiss,[2] or in the alternative, a motion for summary judg-

ment[3] stating that the statute of limitations had expired. After hearing arguments of counsel and studying relevant legal authority, the circuit court determined that " '[t]he plain language of West Virginia Code § 55–2–15 (1923) (Repl.Vol.1994) clearly prohibits the application of the discovery rule to extend the statutory filing periods provided by this section.' Syl. Pt. 5 *Albright v. White*, [202 W.Va. 292, 503 S.E.2d 860 (1998) ]." The court dismissed the complaint by order entered on January 16, 2001. The appellant appeals from this order.

## II.

### STANDARD OF REVIEW

 "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995). In order to determine whether the circuit court properly granted dismissal, the appellant requests that we interpret W.Va. Code § 55–2–15 to ascertain whether the discovery rule may apply to extend the statute of limitations. ' " ' "Where the issue on an appeal from the circuit court is clearly a question of law or involving the interpretation of a statute, we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syllabus point 1, *University of West Virginia Board of Trustees ex rel. West Virginia University v. Fox*, 197 W.Va. 91, 475 S.E.2d 91 (1996).' Syllabus point 3, *Ewing v. Board of Education of County of Summers*, 202 W.Va. 228, 503 S.E.2d 541 (1998)." Syllabus Point 2, *Albright v. White*, 202 W.Va. 292, 503 S.E.2d 860 (1998).

## III.

### DISCUSSION

 On appeal, the appellant contends the circuit court erred by concluding that the

---

1. Another victim, Betty Barefoot, filed a civil action against the Board which is currently under a stay of proceedings pending the outcome of this appeal.

2. A motion to dismiss may be filed in circuit court pursuant to West Virginia Rule of Civil

Procedure 12(b)(6) if a plaintiff "fail[s] to state a claim upon which relief can be granted[.]"

3. Motions for summary judgment are filed pursuant to West Virginia Rule of Civil Procedure 56.

plain language of W.Va.Code § 55–2–15 prohibits the application of the discovery rule to a civil action instituted prior to the expiration of the twenty year statute of repose and, thereby, wrongfully dismissed the complaint. The Board maintains that the circuit court was indeed correct in determining that the discovery rule does not apply to save Miller's claim from the running of the statute of limitations. We believe the discovery rule applies to extend the general statute of limitations referred to in W.Va.Code § 55–2–15 (1923) when the cause of action accrues during the appellant's infancy and the appellant alleges in his or her complaint that the appellee fraudulently concealed material facts.

The specific statute of limitations which applies to the appellant's cause of action reads as follows:

> If any person to whom the right accrues to bring any such personal action [or] suit ... shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues, or after such acknowledgment as is mentioned in section eight [§ 55–2–8] of this article, except that it shall in no case be brought after twenty years from the time the right accrues.

W.Va.Code § 55–2–15 (1923). The general statute of limitations referred to in this code section is contained in W.Va.Code § 55–2–12(b) (1959) and states in pertinent part, "Every personal action for which no limitation is otherwise prescribed shall be brought: ... (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]"

The appellant was fourteen years old at the time McIntosh inflicted sexual abuse upon her during the 1989–90 school year. She was clearly under the disability of age at the time her cause of action accrued. Therefore, the statute of limitations was tolled until she turned eighteen and the disability of age was removed in 1993. She failed to file her action within the following two years. Instead, the appellant filed her complaint

against the Board on September 29, 2000, ten years after her cause of action accrued and almost seven years after the disability was removed. In fact, the appellant celebrated her twenty-fifth birthday two weeks after the complaint was filed.[4] It is indisputable that the complaint in this case was filed outside of the two-year statute of limitations but inside of the twenty-year statute of repose.

This Court discussed a similar statute of limitations problem in *Albright v. White*, 202 W.Va. 292, 503 S.E.2d 860 (1998). However, the facts in *Albright* are distinguishable from the facts in the case presently before us. Albright underwent therapy in 1994. During the therapy sessions, he claimed that he remembered an incident of sexual abuse allegedly perpetrated by an Episcopal priest twenty-five years earlier in 1969. Albright declared that he subsequently learned information which indicated the Protestant Episcopal Church in the Diocese of West Virginia may have known about the priest's alleged proclivity for deviant sexual behavior. He alleged that the church failed to alert its parishioners of the potential danger to their children. Albright filed a lawsuit in 1996 charging the priest and the church with, *inter alia*, fraudulent concealment. The church and the priest filed motions to dismiss asserting the claims were time barred. The circuit court granted the motions. Albright appealed, arguing that the two year statute of limitations should not begin to run until he recalled the alleged tortious conduct in 1994.

Commenting on W.Va.Code § 55–2–15, this Court determined that in order to maintain a viable and timely action when a cause of action accrues during infancy, the lawsuit must be filed "(1) within two years after he/she has attained the age of majority and (2) within twenty years of the date of the wrongful act and the injury." *Id.*, 202 W.Va. at 302, 503 S.E.2d at 870. Albright argued the discovery rule should apply to extend the statutory filing period. This Court decisively stated, "[W]e previously have determined that a 'clear statutory prohibition' exists to preclude the application of the discovery rule in suits governed by W.Va.Code § 55–2–15."

4. The appellant was born on October 13, 1975.

*Id.,* 202 W.Va. at 303, 503 S.E.2d at 871. The Court went on to hold in Syllabus Point 5, "The plain language of W.Va.Code § 55–2–15 (1923) (Repl.Vol.1994) clearly prohibits the application of the discovery rule to extend the statutory filing periods provided by this section."

Because Albright filed his action twenty-five years after the alleged abuse occurred, this Court determined the lawsuit was governed by the time limits contained in W.Va. Code 55–2–15 and that resort to W.Va.Code § 55–2–12(b) was unnecessary. No opinion was offered in *Albright* regarding whether the claim would also be barred by the limitation period contained in 55–2–12(b). *See Albright,* 202 W.Va. at 306 n. 18, 503 S.E.2d at 874 n. 18 ("Having resolved the case before us by finding it to be time barred by the specific time limits provided by W.Va.Code § 55–2–15, we render no additional decision with regard to the propriety of the circuit court's ruling finding Albright's claim also to be barred by the general statute of limitations provided by W.Va.Code § 55–2–12(b), as such a determination is unnecessary to our disposition of the issues before us.")

▇▇ Miller filed her action before the twenty year statute expired; therefore, we must now answer the question left unanswered by *Albright.* We must determine whether the discovery rule can for any reason toll the running of the 55–2–12(b) statute of limitations. We begin with the proposition that "[t]he 'discovery rule' is generally applicable to all torts, unless there is a clear statutory prohibition of its application." Syllabus Point 2, *Cart v. Marcum,* 188 W.Va. 241, 423 S.E.2d 644 (1992). In spite of this generality, the discovery rule is subject to limitations. The victim must make a strong showing that he or she was prevented from knowing of the claim at the time of the injury.

> Mere ignorance of the existence of a cause of action or of the identity of the wrongdoer does not prevent the running of the statute of limitations; the "discovery rule" applies only when there is a strong showing by the plaintiff that some action by the defendant prevented the plaintiff

from knowing of the wrong at the time of the injury.

Syllabus Point 3, *id.* (emphasis added). Stated another way,

> The statute of limitations in a tort action begins to run ordinarily from the date of the injury, and the mere lack of knowledge of the actionable wrong ordinarily does not suspend the running of the statute of limitations, nor does the silence of the wrongdoer, unless he or she has done something to prevent discovery of the wrong.

*Sattler v. Bailey,* 184 W.Va. 212, 219, 400 S.E.2d 220, 227 (1990) (citations omitted).

▇▇ Actions of the defendant which might prevent a plaintiff "from knowing of the claim at the time of the injury" include "fraudulent concealment, inability to comprehend the injury, or other extreme hardship[.]" *Cart,* 188 W.Va. at 245, 423 S.E.2d at 648 (footnotes omitted). "[F]raudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff, although any word or act [or omission] tending to suppress the truth is enough." *Richards v. Mileski,* 662 F.2d 65, 70, 213 U.S.App.D.C. 220, 225 (1981) (citation omitted).

In the present action, the appellant alleged in her complaint that the Board had actual or constructive notice that McIntosh was a sexual predator who was engaging in inappropriate sexual conduct with female school children. She alleged that the Board had reasonable cause to suspect that, prior to becoming a victim herself, another child was being abused by McIntosh but the Board failed to report the abuse to the appropriate officials or to take any action to stop McIntosh. She also alleged that the Board fraudulently concealed material facts regarding its own involvement in and knowledge of the sexual misconduct of McIntosh in an effort to prevent the victims from instituting civil actions. We believe these allegations are sufficient to withstand the motion to dismiss based upon the statute of limitations.

Let us reiterate that Miller, the victim in this case, clearly asserted in her complaint that the Board engaged in conduct amounting to active and purposeful fraudulent con-

cealment. In view of those claims, to resolve this case, we need go no further and accordingly do not need to consider the appellant's "inability to comprehend the injury[.]" *Cart,* 188 W.Va. at 245, 423 S.E.2d at 648. Nevertheless, we would be remiss if we did not at least comment on the unique situations where criminal sexual misconduct is committed on young children. The level of emotional pain inflicted on these children is beyond our understanding. Many times, the child victim feels great embarrassment, shame, and guilt, and frequently, with a child's mind, wrongly blames himself or herself. The child then internalizes the guilt and represses the memory, forcing it out of conscious awareness. It simply hurts too much to allow the memory of such painful and devastating events to surface in the conscious mind.

Also, on occasion, the child is confused about the exact identity of the wrongdoer and, again, wrongly internalizes guilt, blame, or culpability. These children do not know whether they should tell someone about the abuse or not. They are fearful, confused, and uncertain, and commonly remain so for years after the statute of limitations has run. It would be a cruel system indeed that did not consider such factors in reaching a just and fair result in this arena of litigation.

We, therefore, hold that the general statute of limitations contained in W.Va. Code § 55–2–12(b) (1959) is tolled with respect to an undiscovered wrongdoer by virtue of fraudulent concealment when the cause of action accrues during a victim's infancy and the injured person alleges in his or her complaint that the wrongdoer fraudulently concealed material facts. The statute begins to run when the injured person knows, or by the exercise of reasonable diligence should know, the nature of his or her injury, and determining that point in time is a question of fact for the jury. However, pursuant to W.Va.Code § 55–2–15 (1923), no case may be brought after twenty years from the time the right accrues.

We believe Miller's complaint stated allegations of fraudulent concealment sufficient to invoke the tolling doctrine and survive a motion to dismiss on statute of limitations grounds. The order of the Circuit Court of Monongalia County is reversed and remanded for further proceedings.

Reversed and remanded.

STARCHER, Justice, concurring.

(Filed Dec. 13, 2001)

I agree with the majority opinion's conclusion that the discovery rule tolls the 2–year limitation period contained in *W.Va.Code,* 55–2–15 [1923]. I write separately, however, to expand and clarify the majority's discussion of how the discovery rule is to be applied. Specifically, I believe the majority opinion "jumped the gun" in analyzing the plaintiff's case under *Cart v. Marcum,* 188 W.Va. 241, 423 S.E.2d 644 (1992). Instead, I believe the case should have been analyzed under *Gaither v. City Hospital, Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997), to reach the same result.

We held in *Keesecker v. Bird,* 200 W.Va. 667, 682, 490 S.E.2d 754, 769 (1997) that there are four steps to determining if a claim is barred by a statute of limitation. The first step in analyzing any statute of limitation question is to determine the applicable statute. In the instant case, *W.Va.Code,* 55–2–15 mandated that an action for the injury caused to the plaintiff when she was a minor be filed within 2 years "after . . . becoming of full age."

"The second step in evaluating a statute of limitation question is to establish when the requisite elements of the alleged tort occurred, such that the cause of action 'accrued.'" *Keesecker,* 200 W.Va. at 683, 490 S.E.2d at 770. In the instant case, the appellant was 14 at the time Donald McIntosh inflicted sexual abuse upon her—and as the cause of action technically "accrued" at that time, we determine in the instant case that she should have filed any lawsuit by her 20th birthday.

"The next step is to determine whether the plaintiff is entitled to the benefit of the ameliorative effects of the discovery rule." 200 W.Va. at 683, 490 S.E.2d at 770. The discovery rule tolls the statute of limitation until a claimant knows or by the exercise of reasonable diligence should know of his claim. Whether the discovery rule applies is determined, in tort actions, by the application of

Syllabus Point 4 of *Gaither v. City Hospital, Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997).[1] The application of the discovery rule "tolls the statute of limitations until a plaintiff, acting as a reasonable, diligent person, discovers the essential elements of a possible cause of action, that is, discovers duty, breach, causation and injury." *Gaither*, 199 W.Va. at 714, 487 S.E.2d at 909.

"The last step in the statute of limitation analysis is to determine if the limitation period is tolled by some misconduct of the defendant." *Keesecker*, 200 W.Va. at 684, 490 S.E.2d at 771. This step is where the analysis espoused by Syllabus Point 3 of *Cart v. Marcum* [2]—relied upon by the majority opinion—comes into play. In *Cart v. Marcum*, we recognized that in some circumstances causal relationships are so well established that we cannot excuse a plaintiff who pleads ignorance. In those instances where a cause of action against a defendant is patently obvious, and the plaintiff cannot claim that through the exercise of reasonable diligence they were unable to discover the existence of a cause of action, a higher burden of proof is placed on the plaintiff. The only way a plaintiff can toll the statute of limitation in such circumstances is to make "a strong showing . . . that some action by the defendant prevented the plaintiff from knowing of the wrong at the time of the injury." Syllabus Point 3, *Cart v. Marcum.*[3]

The analysis is that simple. A plaintiff should first determine the applicable statute of limitation, then when the cause of action truly "accrued." If the lawsuit was filed after the time period specified in the statute, the plaintiff can assert the discovery rule as stated in *Gaither v. City Hospital* or, in wrongful death actions, in *Bradshaw v. Soulsby.* As a last resort, the plaintiff can allege some affirmative misconduct by the defendant prevented the plaintiff from knowing of the elements of their cause of action, as stated in *Cart v. Marcum.*

In the instant case, the majority opinion does not apply the analysis set forth in *Keesecker.* The majority opinion wholly bypasses the discussion of the discovery rule in *Gaither*, and applies the test set forth in *Cart v. Marcum.*

I would have made clear that, under the *Gaither v. City Hospital* analysis, the plaintiff did not know, nor could she have known, that the Monongalia County Board of Edu-

---

1. Syllabus Point 4 of *Gaither v. City Hospital* states:

 In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

 In wrongful death actions, the application of the discovery rule is governed by Syllabus Point 8 of *Bradshaw v. Soulsby*, 210 W.Va. 682, 558 S.E.2d 681 (2001), which states:

 In a wrongful death action, under the discovery rule, the statute of limitation contained in *W.Va.Code*, 55-7-6(d) [1992] begins to run when the decedent's representative knows or by the exercise of reasonable diligence should know (1) that the decedent has died; (2) that the death was the result of a wrongful act, neglect, or default; (3) the identity of the person or entity who owed the decedent a duty to act with due care and who may have engaged in conduct that breached that duty; and (4) that the wrongful act, neglect or default of that

person or entity has a causal relation to the decedent's death.

2. We stated, in Syllabus Point 3 of *Cart v. Marcum*, that:

 Mere ignorance of the existence of a cause of action or of the identity of the wrongdoer does not prevent the running of the statute of limitations; the "discovery rule" applies only when there is a strong showing by the plaintiff that some action by the defendant prevented the plaintiff from knowing of the wrong at the time of the injury.

3. A studious observer will note that this Court stated one form of the discovery rule in *Cart v. Marcum*, and then stated a different, more lenient form of the discovery rule in *Gaither v. City Hospital.* While it is not perfectly clear, it appears that the Court, without specifically saying so, modified or overruled *Cart v. Marcum* in *Gaither v. City Hospital.*

 Regardless of the Court's unstated intent, subsequent decisions such as *Keesecker* make clear that *Gaither v. City Hospital* is the preferred statement of the discovery rule; *Cart v. Marcum* governs only those cases where the plaintiff is compelled to allege some deed by the defendant concealed the cause of action from the plaintiff.

cation knew of Mr. McIntosh's criminal proclivities but took no steps to protect the plaintiff and other school children similarly situated. In other words, applying *Gaither v. City Hospital*, the plaintiff knew, by her 20th birthday, that she had been injured at age 14. However, she did not know, nor should she have reasonably known, that the Board of Education knew of Mr. McIntosh's misconduct and had a duty to protect the plaintiff, but breached that duty by giving Mr. McIntosh unfettered, unsupervised access to the plaintiff and other children. She apparently also did not know, nor should she have reasonably known, that the school board's actions may have proximately caused her injuries. Accordingly, under the discovery rule, the plaintiff's cause of action was tolled until she discovered the Board of Education had a duty, breached that duty, and thereby proximately caused her injury.

With the proviso, as we stated in *Keesecker*, that the *Gaither v. City Hospital* analysis should be used before resorting to the *Cart v. Marcum* analysis when looking at cases under *W.Va.Code*, 55–2–15, I concur with the majority's opinion.