**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-1484**

———————————

ANGELA WILMINK,

Plaintiff - Appellant,

versus

KANAWHA COUNTY BOARD OF EDUCATION, an
instrumentality of the State of West Virginia;
DAVID GILLISPIE, as an agent of Kanawha County
Board of Education and in his individual
capacity,

Defendants - Appellees,

and

DENNIS OSBORNE, as an agent of Kanawha County
Board of Education and in his capacity as an
individual,

Defendant.

--------------------------------------------------

PROSECUTING ATTORNEY, Kanawha County,

Movant.

———————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston. John T. Copenhaver, Jr.,
District Judge. (2:03-cv-00179)

———————————

Submitted: December 5, 2006          Decided: January 17, 2007

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William V. DePaulo, Charleston, West Virginia, for Appellant. Jan L. Fox, Hannah B. Curry, STEPTOE & JOHNSON, Charleston, West Virginia, for Appellees Kanawha County Board of Education, an instrumentality of the State of West Virginia, and David Gillispie, as an agent of Kanawha County Board of Education and in his individual capacity; George J. Joseph, BAILEY & WYANT, P.L.L.C., Charleston, West Virginia, for Dennis Osborne, as an agent of Kanawha County Board of Education and in his individual capacity.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Angela Wilmink filed suit to recover for injuries caused eighteen or nineteen years earlier by the alleged sexual misconduct of her Washington Junior High School teacher, Dennis Osborne.[1] Because plaintiff has not produced any evidence that her principal or her school board had any reason to know that Osborne might assault plaintiff or any evidence that the defendants fraudulently concealed any material facts preventing plaintiff from knowing of her cause of action, we affirm the district court's dismissal of this action on statute of limitations grounds.

I.

This case arises out of an alleged sexual assault. In her complaint, Wilmink claimed that the defendants -- Dennis Osborne, her former teacher and an athletic coach; David Gillispie, her former principal; and the Kanawha County Board of Education -- violated 42 U.S.C. § 1983 (2000), Title IX of the Education Act of 1972, 20 U.S.C. § 1681 et. seq. (2000), and various provisions of state law. Defendants moved to dismiss on the ground that plaintiff's claims were barred by the statute of limitations. Wilmink responded by arguing that, because the defendants had

---

[1]In her complaint, plaintiff states that the assault occurred in 1984. In her deposition, however, plaintiff maintains that the assault occurred in the spring of 1985. This discrepancy does not affect the statute of limitations issue or this court's disposition.

3

fraudulently concealed facts supporting her claim, the discovery rule tolled the applicable statute of limitations.

The district court treated defendants' filings as summary judgment motions. It granted summary judgment in favor of Osborne because "from the very moment of assault" plaintiff had "possessed all information necessary to hold Osborne accountable."[2] With respect to plaintiff's claims against the Board and Gillispie, the court found that plaintiff had "adequately alleged" fraudulent concealment of material facts and that such allegations merited investigation through discovery. The court thus denied defendants' motion for summary judgment and ordered a 120-day discovery period. Following discovery, defendants renewed their motion for summary judgment again arguing that plaintiff's claims were barred by the statute of limitations. The district court granted summary judgment in favor of Gillispie and the Board. Plaintiff appeals.

II.

Under West Virginia law, a personal injury action must be brought within two years. W. Va. Code § 55-2-12 (2000). Where, as here, the injured party is a minor, West Virginia Code § 55-2-15

_____

[2]Plaintiff's notice of appeal indicates her intention to pursue an appeal against all parties, including Dennis Osborne. Because plaintiff has not raised any claim with respect to Osborne on appeal, however, those arguments are waived. See Carter v. Lee, 283 F.3d 240, 252 (4th Cir. 2002) ("[T]his Court normally views contentions not raised in an opening brief to be waived.").

(2000), tolls the limitations period until plaintiff reaches majority. Under these provisions, Wilmink was required to file her petition in 1991, two years after she turned eighteen.[3] Under the "discovery rule," however, a statute of limitations is tolled until a claimant knows or "should know that he has been injured and who is responsible." Cart v. Marcum, 423 S.E.2d 644, 647 (W. Va. 1992).

West Virginia's highest court recognizes two variants of the discovery rule. Merrill v. W. Va. Dep't of Health & Human Res., 632 S.E.2d 307, 312 (W. Va. 2006). In Gaither v. City Hosp., Inc., 487 S.E.2d 901, 909 (W. Va. 1997), the court held that "the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged

---

[3]Plaintiff's federal claims are appropriately decided with reference to the state statute of limitations. It is well-settled that "the statute of limitations for a claim under 42 U.S.C. § 1983 is borrowed from state law." Nasim v. Warden, Maryland House of Corrections, 64 F.3d 951, 955 (4th Cir. 1995). Likewise, because Title IX does not contain an express statute of limitations, "every circuit to consider the issue has held that Title IX also borrows the relevant state's statute of limitations for personal injury." Stanley v. Trustees of California State Univ., 433 F.3d 1129, 1134 (9th Cir. 2006) (citing Curto v. Edmundson, 392 F.3d 502, 503-04 (2d Cir. 2004); Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 77-78 (3d Cir.1989); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 729 (6th Cir. 1996); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 618 (8th Cir. 1995); M.H.D. v. Westminster Schs., 172 F.3d 797, 803 (11th Cir. 1999)). In any case, plaintiff has never argued it is inappropriate to borrow West Virginia's statute of limitations with respect to her federal claims.

in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." And, in Cart v. Marcum, the court recognized a second discovery rule: fraudulent concealment. 423 S.E.2d at 648. Because the fraudulent concealment doctrine operates "where a plaintiff does or should reasonably know of the existence of an injury and its cause," Gaither, 487 S.E.2d at 908, it "applies only when there is a strong showing by the plaintiff that some action by the defendant prevented the plaintiff from knowing of the wrong at the time of the injury." Merrill, 632 S.E.2d at 318 (quotation omitted). We consider each of these standards in turn.

## A.

Plaintiff has failed to establish the existence of a genuine issue of material fact with respect to any of the Gaither factors. First, it is beyond dispute that plaintiff knew she had been injured in 1984. She immediately reported the incident to her aunt, and her mother found her sobbing the evening of the assault. Moreover, according to plaintiff's deposition testimony, she avoided any further contact with Osborne -- she stopped taking classes from him and quit as manager of the boy's basketball team, which he coached.

Second, plaintiff knew "the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty." Gaither, 487 S.E.2d at 909.

6

As West Virginia's highest court has instructed, the second Gaither factor is a limited inquiry into "the identity of the wrongdoer, not knowledge of the duty owed." Merrill, 632 S.E.2d at 313. Here, plaintiff clearly knew the identity of her principal and her school board by the time she reached majority.

The third and final element of Gaither requires plaintiff to establish she "neither knew nor by the exercise of reasonable diligence, should have known that the conduct of [defendants] had a causal relation" to her injury. Id. at 315. Plaintiff's failure to direct our attention to any evidence justifying her delay in discovering the causal connection between her injuries and defendants' actions defeats her claim here. See Merrill, 632 S.E.2d at 316. As West Virginia's high court noted recently in Merrill -- a case where plaintiff similarly alleged that a supervisory authority had failed to prevent sexual abuse -- to survive a motion for summary judgment with respect to knowledge of a causal connection between an alleged injury and a defendant's conduct, a plaintiff must "identify specific facts in the record and articulate the precise manner in which that evidence supports [her] claims of delay in discovering the causal connection between [her] injuries and the [defendant's] actions." Id. at 317 (quotation omitted). Here, plaintiff points to no "specific facts" that excuse her delay in discovering the causal connection, and, as

noted below, there is no evidence that defendants concealed their involvement in this case.  See id. at 316 n.16, 317.

In short, by the time plaintiff reached her eighteenth birthday she knew, or reasonably should have known, all the elements of her cause of action.  See Keesecker v. Bird, 490 S.E.2d 754, 771 (W. Va. 1997).  Accordingly, she "is not entitled to the protection of the discovery rule" announced in Gaither.  Id.

B.

Plaintiff's claim also fails under the fraudulent concealment standard of Cart v. Marcum, 423 S.E.2d at 648.  To create a triable issue of fact, plaintiff was required to produce some evidence tending to show that Gillispie or the Board had notice that Osborne might sexually abuse students and that these school authorities fraudulently concealed facts which prevented Wilmink from knowing that she had a cause of action against Gillispie and the Board. Plaintiff in this case has done neither.

The record is devoid of any fact which indicates that school authorities had any reason to know that Osborne would engage in offensive sexual conduct toward students prior to 1984.  Implicitly conceding as much, plaintiff argues that this knowledge was somehow "imputed" to the Board by the "observations" of Linda Nelson, an admittedly "non-supervisory" reading teacher.  Plaintiff contends that when her mother reported her daughter's assault to Linda Nelson, Nelson told her of a prior occasion in which Nelson saw

8

Osborne try to slide his hand up the back of a female student's shorts. Nelson now denies ever witnessing Osborne touch a female student in an inappropriate manner. Even assuming the truth of plaintiff's contentions, however, there is no evidence to suggest that Nelson ever reported the incident to Principal Gillispie, the School Board, or anyone else. In short, as the district court found, "plaintiff has failed to produce a shred of evidence that the Board or Gillispie had any reason to believe that Osborne would engage in inappropriate sexual conduct with minor female school children before the plaintiff's alleged sexual assault in 1984."

Plaintiff has not only failed to show that school authorities had any reason to suspect that Osborne would engage in inappropriate behavior but also failed to produce any evidence that these defendants actively concealed facts which prevented plaintiff from knowing of her claim. At its most basic, "[f]raudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff." Miller v. Monongalia County Bd. of Educ., 556 S.E.2d 427, 431 (W. Va. 2001) (citation omitted). Here, after 120 days of discovery, "the record shows no competent evidence by the [plaintiff] that [the defendants] did anything to hide [their] actions" from the plaintiff. Keesecker, 490 S.E.2d at 771. Accordingly, plaintiff has failed to make the requisite "strong showing" that "some action

9

by the defendant prevented the plaintiff from knowing of the wrong at the time of the injury." Id. (quotation omitted).

## III.

We in no way make light of plaintiff's claims or the injuries she may have suffered. We must, however, affirm the district court's grant of summary judgment since any cause of action which Wilmink may have had against the defendants is barred by the statute of limitations. Our disposition based on West Virginia's statute of limitations dispenses with all of plaintiff's claims, and we need not, therefore, address her other arguments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED