# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**E.K.,**
**Plaintiff Below, Petitioner**

**vs) No. 16-0773** (Monongalia County 16-C-106)

**WEST VIRGINIA DEPARTMENT**
**OF HEALTH AND HUMAN RESOURCES,**
**Defendant Below, Respondent**

**FILED**

**November 7, 2017**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner E.K. suffered years of sexual abuse while in foster care. He filed suit against Respondent West Virginia Department of Health and Human Resources (the "DHHR") alleging negligent placement/monitoring. The circuit court dismissed, with prejudice, his claim as time-barred because E.K. filed the lawsuit more than two years after he turned eighteen. Considering matters outside the complaint, the court further determined that it "could not in good faith" allow amendment of the complaint.

On appeal to this Court, E.K., by counsel Bruce E. Stanley, contends the circuit court committed reversible error by dismissing his complaint with prejudice. If allowed to amend his complaint, E.K. argues that factual development will show that his claim was timely. Moreover, he will allege that the DHHR fraudulently concealed information which prevented him from discovering or pursing his claims, thus tolling the statute of limitations. The DHHR by counsel, Kelly C. Morgan and Kristen V. Hammond, counters that the circuit court did not err in finding that the applicable statute of limitations could not be tolled beyond E.K.'s twentieth birthday. The DHHR argues that any amendment to the complaint would ultimately prove futile.

Finding merit to E.K.'s arguments, we reverse and remand with instructions to allow E.K. to file an amended complaint. Whether the statute of limitations is tolled depends on unresolved questions of fact that would benefit from discovery. Inasmuch as this case does not present a new or significant question of law, this matter satisfies the "limited circumstances" requirement and a memorandum decision reversing the decision of the circuit court is appropriate in accordance with Rule 21(d) of the West Virginia Rules of Appellate Procedure.

### I. Facts and Procedural History

In 2011, the DHHR removed fifteen-year-old E.K., and his brothers, from their home due to allegations of physical abuse by their biological father. The DHHR placed the children under the foster care of Ms. J.W.L., without providing foster-parent training to her prior to this placement. For several years thereafter, J.W.L. sexually abused E.K. on a regular basis.

1

E.K. reported the sexual abuse to authorities in June of 2014, when he was nineteen years old. In August of 2014, forty-year-old J.W.L. was arrested and charged with sexual abuse by a parent. The outcome of J.W.L.'s criminal proceeding is not in the record before us.

E.K. initiated the present action in February of 2016 by filing a one-count complaint against the DHHR alleging negligent placement/monitoring. Specifically, he stated that the DHHR breached its duty to "adequately investigate the prospective foster home placement, and to regularly monitor the home after any such placement to assure that [he] was not being further abused, particularly after 'other referrals were being made because . . . a lot of people in the community . . . knew [what] was going on.'" E.K. asserted that at no time did anyone with the DHHR advise him "regarding his legal rights or discuss with him the advisability of him consulting legal counsel regarding his situation."  E.K. alleged that the DHHR's breach of its duty resulted in his long-term physical sexual abuse at the hands of his foster mother, and this abuse caused severe emotional trauma and psychological injuries.[1]

E.K. admitted that he never told anyone with the DHHR that his foster mother was abusing him sexually; he was afraid that the DHHR would separate him and his brothers if they were removed from her home. Nevertheless, E.K. alleged that the DHHR "had been advised of the situation over the entirety of the three years[.]" He claimed that his sibling, L.K.—who was removed from the foster home for having run away—informed the DHHR of the abuse taking place in J.W.L.'s household as early as 2012. He further alleged that J.W.L.'s conduct "was not news in the surrounding community," and that the DHHR responded to the home following referrals on several occasions but did nothing to protect him.

The DHHR has not answered E.K.'s complaint. Instead, in April of 2016, the DHHR filed a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The DHHR raised an affirmative defense and asserted E.K.'s claim was time-barred based on the applicable two-year statute of limitations.[2] Although the statute of limitations was tolled until E.K. reached the age of majority, E.K. turned eighteen on March 2, 2013. Thus, the DHHR argued he would have two years, until March 2, 2015, to file his lawsuit and still be in

---

[1] E.K. sought recovery against the DHHR solely under and up to the limits of the liability insurance coverage provided by the DHHR under the authority of West Virginia Code § 29-12-5 (2013). Thus, the DHHR has not argued the defense of governmental immunity.

[2] *See* W.Va. Code § 55-2-12 (2008) ("Every personal action for which no limitation is otherwise prescribed shall be brought . . . within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]"); and W.Va. Code § 55-2-15 (2008) ("If any person to whom the right accrues to bring any such personal action [or] suit . . . shall be, at the time the same accrues, an infant . . ., the same may be brought within the like number of years after his becoming of full age . . . that is allowed to a person having no such impediment to bring the same after the right accrues, . . . except that it shall in no case be brought after twenty years from the time the right accrues.").

2

conformity with the statute. Here, E.K. waited nearly three years after he turned the age of eighteen to file this lawsuit.

In opposing the motion to dismiss, E.K. asserted in his response that he was still under the control of the DHHR until March of 2015 (because he was living in a group home operated by the DHHR), less than a year before he filed his complaint. E.K. further alleged, for the first time, that the DHHR breached a duty created by its own internal policy manual regarding the need to instruct a child in the foster care system that he/she has generally up to two years after reaching eighteen years of age to file a cause of action in a personal injury lawsuit. E.K. argued that it was undisputed that the DHHR failed to carry out its affirmative duty to explain to him the time limits regarding his right to pursue any claims, "*including claims he might have against DHHR while still under DHHR's control.*" Thus, he argued there was "the question of whether 'the statute of limitation period was arrested by some other tolling doctrine.'"

The DHHR replied that E.K. was "mixing apples and oranges" because any alleged breach of the DHHR's internal policy would have nothing to do with the negligent placement/monitoring claim E.K. pled in his complaint. Because these are separate and distinct causes of action, the DHHR reasoned that one cannot be used to toll the statute of limitations of the other. Moreover, because E.K. did not allege in his complaint that he remained under the custody and control of the DHHR for two years *after* he turned the age of eighteen, the DHHR urged the circuit court to disregard that claim as somehow tolling the statute of limitations.

Following a hearing on the DHHR's motion to dismiss, the circuit court found that E.K.'s complaint was time-barred. The circuit court emphasized that "its analysis of both the negligent placement claim and the failure to advise claim yielded a March 2, 2015 expiration date." It reasoned that despite knowing "the nature of his injuries" and "the identity" of the DHHR, E.K. failed to bring his cause of action until February 19, 2016, nearly three years after the DHHR's "alleged breached duties terminated." The circuit court further stated that it failed to see how any of E.K.'s additional allegations raised at argument could ultimately serve to invoke a tolling doctrine, and it "could not in good faith" allow E.K. to amend his complaint.

## II. Standard of Review

Inasmuch as this case was decided on the DHHR's motion to dismiss under West Virginia Rule of Civil Procedure 12(b)(6), we review this matter de novo, and follow our long-established rule that "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *Cantley v. Lincoln Cty. Comm'n*, 221 W.Va. 468, 470, 655 S.E.2d 490, 492 (2007) (citing *John W. Lodge Distrib. Co. v. Texaco, Inc.*, 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978)).

"The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the sufficiency of the complaint." *Cantley*, 221 W.Va. at 470, 655 S.E.2d at 492. This Court has held that

[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6)
motion, should not dismiss the complaint unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Syl. Pt. 3, *Chapman v. Kane Transfer Co.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

## III.  Discussion

On appeal to this Court, E.K. argues that the circuit court committed reversible error when it dismissed his complaint with prejudice. He seeks the opportunity to file an amended complaint and proceed with discovery. The DHHR responds that the circuit court properly dismissed the complaint with prejudice because any amendments would be futile considering the fact E.K. admits that the only disability which would toll the statute of limitations was his infancy when the sexual abuse began. Therefore, if E.K.'s cause of action accrued when he was a minor, he had two years after turning eighteen to file his lawsuit.[3]

As explained below, the circuit court committed reversible error when it dismissed the cause of action with prejudice rather than giving E.K. the opportunity to amend his complaint, especially when it considered matters beyond the complaint. Moreover, the issue of whether the statute of limitations is tolled turns on questions of fact that would benefit from discovery.

### A. Justice Requires Leave to File an Amended Complaint

Rule 15(a) of the West Virginia Rules of Civil Procedure, which governs the amendment of pleadings, provides in relevant part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." This Court held in syllabus point three of *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973) that,

> [t]he purpose of the words "and leave [to amend] shall be freely given when justice so requires" in Rule 15(a) W.Va.R.Civ.P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue.

---

[3] *See* Syl. Pt. 4, *Albright v. White*, 202 W.Va. 292, 503 S.E.2d 860 (1998) ("In order for a plaintiff who was under the disability of infancy at the time his/her cause of action accrued to maintain a viable and timely action under W.Va. Code § 55-2-15 (1923) (Repl.Vol. 1994), he/she must file his/her lawsuit (1) within two years after he/she has attained the age of majority and (2) within twenty years of the date of the wrongful act and the injury."). In *Albright*, the plaintiff filed suit more than twenty years after the injury; this Court held that the statute "clearly prohibits the application of the discovery rule to extend the statutory filing periods provided by this section." *Id*. at 294-95, 503 S.E.2d at 862-63, Syl. Pt. 5, in part.

This Court's liberal application of Rule 15(a), coupled with the fact that the DHHR has not argued that it would suffer prejudice as a result of E.K.'s proposed amendment, compel the conclusion that E.K. should have the opportunity to amend his complaint to address the additional allegations raised at the hearing held on the DHHR's motion to dismiss the complaint.

We take this opportunity to address a procedural irregularity not raised by the parties. When ruling on a motion to dismiss made pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, a circuit court is limited to considering matters properly alleged in the pleadings; it should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conrad v. ARA Szabo*, 198 W.Va. 362, 480 S.E.2d 801 (1996). In this case, the circuit court went well beyond E.K.'s one-count complaint for negligent placement/monitoring, and addressed a second, "failure to advise claim," that E.K. *never* pled. It was only in E.K.'s response to the motion to dismiss that E.K. argued the DHHR violated its own internal policy manual by failing to advise him when he reached the age of majority that he generally had up to two years to bring a personal injury lawsuit. In fact, the circuit court specifically noted at the hearing held on the DHHR's motion to dismiss that E.K. did not "allege that the Department failed to notify him that he had a right to sue within two years after he reached his majority." E.K.'s counsel responded that he would be "happy to amend" to plead this alternative cause of action. Instead of addressing counsel's proposal to amend the complaint, the circuit court directed counsel to submit findings of facts and conclusions of law. In its order, the circuit court *assumed* that E.K. pled this second cause of action, and then summarily dismissed it with prejudice after concluding the DHHR "could not have owed such a duty" after E.K. reached the age of majority.

The circuit court considered other matters not set forth in E.K.'s complaint when it entertained, and rejected, E.K.'s argument at hearing that the statute of limitations should be tolled based on theories of fraudulent concealment and/or continuing tort. The circuit court obviously relied on statements of counsel at oral argument, when it stated in the dismissal order that it failed to understand how those theories could ultimately serve to toll the statute of limitations.[4] Consequently, we find the circuit court effectively converted the DHHR's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment by going far beyond the "four corners" of E.K.'s complaint.[5]

---

[4] *See McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007) (stating "matters outside the pleadings" include statements of counsel at oral argument raising new facts not alleged in pleadings).

[5] *See* Syl. Pt. 5, in part, *Riffle v. C.J. Hughes Constr. Co.*, 226 W.Va. 581, 703 S.E.2d 552 (2010) ("When a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is converted into a motion for summary judgment, the requirements of Rule 56 of the West Virginia Rules of Civil Procedure become operable. Under these circumstances, a circuit court is required to give the parties notice of the changed status of the motion and a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. In this way, no litigant will be taken by surprise by the

Consequently, when the circuit court decided to consult matters outside the pleadings, it should have informed the parties and set a schedule for submitting additional affidavits and documents. *See Dunn v. Consolidation Coal Co.*, 180 W.Va. 681, 684, 379 S.E.2d 485, 488 (1989) ("Under the mandatory phrasing of Rule 12(b)(6), the court's failure to provide a fair procedure for submission of affidavits or other factual material may constitute reversible error."). Therefore, we reverse and remand with instructions to allow E.K. to file an amended complaint.

### B. Questions of Fact Remain as to Whether Action is Time-Barred

In its present posture, this case is on review from the circuit court's order granting the DHHR's motion to dismiss. Rule 8(f) of the West Virginia Rules of Civil Procedure requires that all pleadings "be so construed as to do substantial justice." To that end, "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and its allegations are to be taken as true." *John W. Lodge Distrib.,* 161 W.Va. at 605, 245 S.E.2d at 158. In other words, "[a] trial court considering a motion to dismiss under Rule 12(b)(6) must liberally construe the complaint [.]" *Cantley,* 221 W.Va. at 470, 655 S.E.2d at 492.

"The purpose of a motion under Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure* is to test the sufficiency of the complaint." *Cantley,* 221 W.Va. at 470, 655 S.E.2d at 492. "The motion to dismiss for failure to state a claim [is] viewed with disfavor and [should be] rarely granted." *John W. Lodge Distrib.,* 161 W.Va. at 606, 245 S.E.2d at 159. Therefore, "if the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied." 161 W.Va. at 605, 245 S.E.2d at 159.

E.K. argues that the issue of when he knew or reasonably should have known of the elements of his cause of action against the DHHR—e.g., when his cause of action accrued—requires factual development. Justice Maynard, writing for the majority, discussed accrual issues in these type of cases in *Miller v. Monongalia County Board of Education*, 210 W.Va. 147, 152, 556 S.E.2d 427, 432 (2001) *overruled on other grounds by Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009):

> [W]e would be remiss if we did not at least comment on the unique situations where criminal sexual misconduct is committed on young children. The level of emotional pain inflicted on these children is beyond our understanding. Many times, the child victim feels great embarrassment, shame, and guilt, and frequently, with a child's mind, wrongly blames himself or herself. The child then internalizes the guilt and represses the memory, forcing it out of conscious awareness. It simply hurts too much to allow the memory of such painful and devastating events to surface in the conscious mind.

---

conversion. The absence of formal notice will be excused only when it is harmless or the parties were otherwise apprised of the conversion.").

Also, on occasion, the child is confused about the exact identity of the wrongdoer and, again, wrongly internalizes guilt, blame, or culpability. These children do not know whether they should tell someone about the abuse or not. They are fearful, confused, and uncertain, and commonly remain so for years after the statute of limitations has run. It would be a cruel system indeed that did not consider such factors in reaching a just and fair result in this arena of litigation.

While the instant case involves a fifteen-year-old boy, many of these same principles apply. He was physically abused by his father, then sexually abused by his foster mother, all while desperately trying not to be separated from his younger brothers. At age eighteen, he remained reliant on the DHHR for food, shelter, and the basic sustenance of life. Although he was well aware that he was being sexually molested, he was undoubtedly feeling the shame, hurt, guilt, and self-blame discussed in *Miller*. And he may not have recognized the nexus between the foster home placement, the sexual abuse, and the damage it caused to him as a human being.

Moreover, if the facts demonstrate E.K.'s cause of action accrued in 2015 (when he was still living in the DHHR's group home), this claim may very well be timely.

E.K. also states that whether the DHHR's decision to not advise him of any potential cause of action he may have had against the agency was an intentional act or mere negligence, is at the very least a factual question. We agree.

In syllabus point five of *Dunn v. Rockwell*, this Court held:

A five-step analysis should be applied to determine whether a cause of action is time-barred. First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997). Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine. *Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact.*

225 W.Va. at 46, 689 S.E.2d at 258 (emphasis added).

Because statute of limitations issues are often fact-determinative, a circuit court should hesitate to dismiss a complaint on this ground based solely on the face of the complaint. *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C.Cir. 1996). "A statute of limitations analysis is generally riddled with questions of fact which *the Defendants* must establish in order to bar Plaintiffs' claims. Because of this fact-intensive burden, affirmative defenses such as the statute of limitations are generally not resolved with a motion to dismiss under Rule 12(b)(6)." *Allen v. Dairy Farmers of Am., Inc.*, 748 F. Supp. 2d 323, 353-54 (D. Vt. 2010) (footnote and citation omitted). Accordingly, "[u]nless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development." *Foss v. Bear, Stearns & Co., Inc.,* 394 F.3d 540, 542 (7th Cir. 2005).

This Court has recognized that

> [t]here is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense. Although it is true that a complaint sometimes discloses such defects on its face, it is more likely that the plaintiff can raise factual setoffs to such an affirmative defense. The filing of an answer, raising the statute of limitations, allows both parties to make a record adequate to measure the applicability of such a defense, to the benefit of both the trial court and any reviewing tribunal. We do not hold that the use of a motion to dismiss is always improper to raise a statute of limitations defense, but we do suggest that a responding party often imposes an undue burden on the trial court and impedes the orderly administration of the lawsuit when he relies on a motion to dismiss to raise such an affirmative defense.

*Sattler v. Bailey,* 184 W.Va. 212, 222 n.14, 400 S.E.2d 220, 230 n.14 (1990) (quoting *Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981)).

Under *Dunn v. Rockwell*, if E.K. can establish that the DHHR "fraudulently concealed facts which prevented [him] from discovering or pursuing the potential cause of action," the statute of limitation would be tolled. 225 W.Va. at 46, 689 S.E.2d at 258; *see also* Syl. Pt. 8, *Merrill v. W.Va. Dep't of Health & Human Res.*, 219 W.Va. 151, 632 S.E.2d 307 (2006) ("'Fraudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff, although any act or omission tending to suppress the truth is enough.' Syllabus point 3, *Miller v. Monongalia County Board of Education*, 210 W.Va. 147, 556 S.E.2d 427 (2001)."); *Grisham v. Philip Morris U.S.A., Inc.*, 151 P.3d 1151, 1159 (Cal. 2007) ("A defendant's fraud in concealing a cause of action against him will toll the statute of limitations, and that tolling will last as long as a plaintiff's reliance on the misrepresentations is reasonable.").

Finally, and most importantly, the motion under review—a Rule 12(b)(6) motion—does not require resolution of this claim on the merits. E.K. brought a negligence claim against the DHHR that is sufficiently pled, and with the benefit of an amended complaint and discovery, he may be able to establish that the DHHR fraudulently concealed facts that prevented him from

pursing his cause of action within two years of turning eighteen. As the parties well know, that is all that is required to survive a Rule 12(b)(6) motion.[6]

## IV.  Conclusion

For the reasons set forth above, the July 20, 2016, order of the Circuit Court of Monongalia County is reversed and this matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

**ISSUED:**  November 7, 2017

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**CONCURRING AND WRITING SEPARATELY:**

Justice Menis E. Ketchum:

E.K. does not bring this lawsuit against the foster mother that was abusing him. The suit is against the DHHR who allegedly knew of the abuse and did nothing. Although not raised below, E.K. states in his brief before this Court that he first learned that the DHHR knew of the abuse on August 29, 2014, at a court hearing. Therefore, E.K. is entitled to present evidence that the DHHR fraudulently concealed its knowledge of the abuse which prevented him from pursuing the potential cause of action. If he can prove the fraudulent concealment, then the statute of limitations would be tolled under *Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009).

---

[6] *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.").

9

**DISSENTING AND WRITING SEPARATELY:**

Chief Justice Allen H. Loughry II

LOUGHRY, Chief Justice, dissenting:

The majority's remand of this matter for "factual development" is patently incorrect. It is clear from the face of the complaint and the undisputed facts as set forth in the majority opinion that the petitioner's claim is barred by the statute of limitations. This *precise* issue has been previously addressed by this Court, although the majority relegates the controlling precedent to a footnote. The majority then cobbles together specious arguments in support of remand, all of which are transparently designed to support remand.

In a similar sexual abuse case, this Court found that regardless of the tragic circumstances occasioned by child sexual abuse, the statute of limitations for a civil action in that regard remains subject to the Legislature's edict. Specifically, the Court held:

> In order for a plaintiff who was under the disability of infancy at the time his/her cause of action accrued to maintain a viable and timely action under W. Va. Code § 55–2–15 (1923) (Repl.Vol.1994), he/she must file his/her lawsuit (1) within two years after he/she has attained the age of majority and (2) within twenty years of the date of the wrongful act and the injury.

Syl. Pt. 4, *Albright v. White*, 202 W. Va. 292, 503 S.E.2d 860 (1998). The petitioner was allegedly sexually abused by his foster mother while he was an infant, *i.e.* under the age of eighteen. The petitioner turned eighteen on March 2, 2013; therefore, the statute of limitations ran on his claim two years later—on March 2, 2015. The petitioner was aware of and reported the abuse in June, 2014, well before the statute of limitations ran. Nevertheless, the petitioner failed to file his complaint until February 19, 2016. These facts are undisputed. Pursuant to *Albright*, thus ends the analysis and the complaint must be dismissed.

The statute of limitations contained in West Virginia Code § 55-2-15 is not a general guideline to be "adjusted" or circumvented at the majority's whim.

> Statutes of limitation are statutes of repose and the legislative purpose is to compel the exercise of a right of action within a reasonable time; such statutes represent a statement of public policy with regard to the privilege to

10

litigate and are a valid and constitutional exercise of the legislative power.

Syl. Pt. 1, *Stevens v. Saunders*, 159 W.Va. 179, 220 S.E.2d 887 (1975). Furthermore, "statutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception. It has been widely held that such exceptions *'are strictly construed and are not enlarged by the courts upon considerations of apparent hardship.'"* *Perdue v. Hess*, 199 W. Va. 299, 303, 484 S.E.2d 182, 186 (1997) (citations omitted) (emphasis added).

Nevertheless, in a blatant attempt to provide relief to a sympathetic litigant, the majority leads its errant charge by insisting that "justice" requires that the petitioner be granted leave to amend his complaint to assert a claim that the respondent "violated its own internal policy manual by failing to advise him . . . that he generally had up to two years to bring a personal injury lawsuit."[7] First, the petitioner in fact mentioned this alleged "failure" in his complaint, without asserting that any such failure was actionable: he failed to allege that the respondent had any such legal duty or that such failure to so advise constituted negligence or other actionable tort. Secondly, and perhaps most significantly, the petitioner made no motion below—either written or oral[8]—to amend his complaint to allege a viable cause of action. The petitioner bemoans the circuit court's failure to "offer [] an opportunity to amend," yet fails to explain under what authority such a burden is placed on the circuit court, rather than the litigant to seek amendment. Finally, even if such an amendment were sought and permitted, the petitioner still failed to file within two years of obtaining the age of majority—the last possible point in time in which the respondent owed him any such duty to advise about statutes of limitation. Therefore, such an amendment would likewise fail to bring his complaint within the applicable statute of limitations.

---

[7]The majority makes an odd conclusion that the circuit court's consideration—and *rejection*—of matters outside of the pleadings somehow converted the underlying motion into one for summary judgment. It then concludes that the court should have provided notice that it intended to consider such matters and allowed a response. Given that the court *rejected* the matters outside the pleading, matters which it had only considered for the *benefit* of the petitioner, it makes little sense to recast the ruling as one for summary judgment. Only if matters outside the pleadings actually affect the Court's ruling do the notice provisions regarding conversion into summary judgment become applicable.

[8]Petitioner's counsel indicated merely that he would be "happy" to amend, but made no such motion at any time.

The majority then fruitlessly sets forth, determined to unearth some additional "factual issue" which may potentially defeat the statute of limitations, as an ostensible additional basis upon which to reverse and remand the lower court. Ordinarily, such factual issues pertaining to a statute of limitations defense arise in the context of the discovery rule.[9] However, *Albright* forecloses any such factual issue: "The plain language of W. Va. Code § 55–2–15 (1923) (Repl.Vol.1994) clearly prohibits the application of the discovery rule to extend the statutory filing periods provided by [W. Va. Code § 55-2-15]." 202 W. Va. at 294, 503 S.E.2d at 862, syl. pt. 5. Given that no factual development is permissible under the inapplicable discovery rule, the only remaining potential avenue through which to inject a factual issue into the petitioner's complaint is fraudulent concealment—which the petitioner did not assert at any time. *See* Syl. Pt. 5, in part, *Dunn v. Rockwell*, 225 W. Va. 43, 46, 689 S.E.2d 255, 258 (2009) ("[I]f the plaintiff is not entitled to the benefit of the discovery rule, then [the court must] determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled."). Accordingly, no factual issue is even alleged to exist which would warrant additional discovery before dismissal.

Finally, to support its contention that a factual issue supports remand, the majority briefly attempts to mine a passing claim that the petitioner's statute of limitations may have been extended by his continued residence in a DHHR group home as of 2015. This Court has noted that "West Virginia Code § 49–1–2 (1999) defines a 'child' as used in chapter 49 to mean 'any person under eighteen years of age.' Thus, a circuit court's jurisdiction over a child abuse and neglect proceeding, governed by article 6 of chapter 49, *terminates when the child turns eighteen.*" *State ex rel. W. Virginia Dep't of Health & Human Res. ex rel. Chastity D. v. Hill*, 207 W. Va. 358, 360 n.7, 532 S.E.2d 358, 360

---

[9] Syllabus Point 4 of *Gaither v. City Hosp., Inc*., 199 W. Va. 706, 708, 487 S.E.2d 901, 903 (1997) provides:

> In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

n.7 (2000) (emphasis added).  While our child welfare laws make provisions for a "transitioning adult" to "enter[] into a contract with [DHHR] to continue in an educational, training, or treatment program which was initiated prior to the eighteenth birthday," such a relationship is obviously governed by the terms of the contract, rather than the common law and statutory duties imposed by virtue of the State's legal custody over a minor.  *See* W. Va. Code § 49-1-202 (2015).  Moreover, the petitioner failed to even allege his continued residency in the group home, much less a breach of the contract governing his residency by DHHR.

Seldom is this Court faced with such straight-forward application of the statute of limitations—as expressly dictated by controlling precedent.  I caution that little should be read into the majority's opinion in terms of potential expansion of the statute of limitations for causes of action accruing during infancy or our long-standing precedent in *Albright*.  The majority's ham-handed tactics to grant the petitioner's complaint a temporary "stay of execution" demonstrates that it lacks the conviction to explicitly overrule our precedent on this issue and that it is guided in this instance by sympathy, rather than the rule of law.

Accordingly, I respectfully dissent.